## No. 9930.

THE STATE EX REL. F. LAMARQUE VS. L. A. BURTHE, RECORDER.

A defendant, prosecuted for the violation of a municipal ordinance subjecting him to a fine, and in default of payment to imprisonment—who, on arraignment, pleads *guilty*, and on judgment voluntarily pays the fine, is not entitled to an appeal

Where a discrepancy exists between the return of a judge and the statement of a relator, credence will be given in preference to the return.

The refusal to allow an appeal is justified unnder the circumstances, and no mandamus will issue to compel the granting of any.

APPLICATION for Mandamus.

---

*Belden & Armbruster* for the Relator.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a *mandamus* to compel the granting of a suspensive appeal.

The relator charges that he was arrested for violation of an ordinance of this city, bearing No. 4798, A. S., prohibiting private markets within a certain radius from a public market; that he pleaded that the ordinance had been repealed by the present city charter; that he was nevertheless fined $25 and sentenced to imprisonment during thirty days in case of non-payment; that he has applied for a suspensive appeal, which was refused him.

He prayed for an alternative *mandamus* and a restraining order, which were both allowed.

The recorder returns that the defendant on arraignment pleaded "guilty," and upon judgment being rendered, as stated, that he promptly *paid* the fine imposed.

Since the case was submitted, the relator has filed an *affidavit*, traversing the recorder's return, to the effect that he did not plead guilty, but that the recorder so inferred or deduced from his confession or admission of having committed the act charged as done in violation of the municipal ordinance.

This *affidavit* ought not to have been filed. It came too late. Conceding it, however, whatever effect it might be otherwise entitled to, we have no hesitation to say that it is a settled rule in such cases of contradictory statements to give credence rather to the return of the magistrate.

But even then, the relator does not pretend to deny the material fact that he has promptly paid the fine imposed by the recorder, or explain the circumstances under which he did so.

The payment made without qualification must be viewed as made voluntarily. C. P. 567.

Under such circumstances the relator must be denied the right of appeal.

It is therefore decreed that the restraining order herein made be rescinded, and that the application for a *mandamus* be refused with costs.