## PAVEY ET AL. v. BRADDOCK ET AL.

[No. 20,923. Filed March 17, 1908.]

1. PLEADING.—*Complaint.*—*Drains.*—*Amendments.*—*Rulings on.*—*Shown by Conclusions of Law.*—Where the only ruling on a motion to amend the petition in a drainage proceeding is shown by a statement in the conclusions of law, no question can be raised, on appeal, as to such amendment. p. 183.

2. SAME.—*Complaint.*—*Petition to be Made Parties.*—*Rulings on.*—*Special Findings.*—Where the only ruling on a petition to be made parties is contained in the special findings, no question on such ruling can be made on appeal, the special findings being wholly for other purposes. p. 184.

3. TRIAL.—*Special Findings.*—*Evidentiary Matters.*—Evidentiary matters set out in a special finding will be disregarded on appeal. p. 185.

4. SAME.—*Special Findings.*—*Incorporation of City.*—A special finding showing that a city was incorporated, is sufficient, without showing the steps taken to perfect such incorporation. p. 185.

5. MUNICIPAL CORPORATIONS.—*Annexation Proceedings.*—*Collateral Attack.*—Irregularities in annexation proceedings by a city are not open to collateral attack, where such irregularities are not of a character to render the proceedings void. p. 185.

6. DRAINS.—*Jurisdiction.*—*Cities.*—The circuit court, under the act of 1903 (Acts 1903, p. 504, §1), has no jurisdiction to determine proceedings for the establishment of a drain which goes through a city, where none of the petitioners own land outside of such city. pp. 186, 187.

7. STATUTES.—*Construction.*—*Subsequent Reënactment.*—A statute, judicially construed, and subsequently reënacted, is impressed with the same construction. p. 186.

8. COURTS.—*Judges.*—*Interested Parties.*—*Whether Acts Void.*—*Drains.*—The fact that a circuit judge owns lands affected by a drainage proceeding does not render void his permission given to certain petitioners to withdraw from the petition, especially where no objection was made. p. 187.

9. ACTION. — *Drains.* — *Want of Jurisdiction.* — *Costs.*—Where the court has no jurisdiction over the subject-matter of a drainage proceeding, such proceeding should be dismissed at the cost of petitioners. p. 188.

From Hancock Circuit Court; *Meade Vestal,* Special Judge.

Drainage proceeding by Jacob S. Pavey and others, against which Freeman Braddock and others remonstrate. From a judgment of dismissal, some of the petitioners appeal. *Affirmed.*

*Mason & Jackson, Robert Williamson, A. C. Van Duyn, Binford & Walker* and *William Ward Cook,* for appellants.

*James E. McCullough* and *William C. Welborn,* for appellees.

JORDAN, J.—On December 24, 1904, certain landowners of Hancock county, Indiana, filed their petition in the circuit court of said county, under §5623 Burns 1901, as amended by the act approved March 10, 1903 (Acts 1903, p. 504, §1), for the purpose of establishing a public drain, pursuant to the provisions of the statute which is known as the "circuit court drainage act," the above section being a part thereof. This section in part is as follows: "Whenever any owner or owners of any separate and distinct tract or tracts of land lying outside the corporate limits of any city or town in this State which would be benefited by drainage and which cannot be accomplished without extraordinary labor and expense, as determined by the court: Provided, also, that where such drain passes through the corporate limits of such city or town, the same shall be located in, upon and along the streets or alleys thereof whenever the same may be practicable, without affecting other lands, shall desire such drainage, or which cannot be accomplished in the best and cheapest manner without passing through the corporate limits of such city or town, such owner or owners may apply for such drainage by petition to circuit court or superior court of the county in which the lands of the peti-

tioner or petitioners are situated. The petition shall describe in tracts of forty acres.  *  *  *  If any of the lands to be benefited lie within the corporate limits of any city or town in this State, the same shall be described by lots and the numbers thereof as shown by the plat books of such city or town.''

The petition for the drainage in question appears to be in the ordinary form for a drain not passing through the corporate limits of a city or town. In fact, it contains no allegations disclosing that the drain will pass through the limits of any city or town. It does; however, state that the purpose of the drain is for the deepening, straightening and draining of the channel of Brandywine creek by the use of a dredge, and describes the route as following in and near the main channel of said creek through certain named sections in Hancock county. While not expressly stated in the petition, nevertheless the fact is that the proposed drain, if established, will run for the distance of one-half mile into and through the corporate limits of the city of Greenfield, the county seat of Hancock county. At the time this petition was filed the names of ten persons, as petitioners, were signed thereto. Five of these were George V. Lewark, Henry Gates, A. W. Shule, Joseph B. Leakey and James A. Samuels. On April 4, 1905, it appears that notice of the pendency of this petition had not been given, consequently notices were ordered issued for June 1, 1905. Before the completion of the notice so ordered, and prior to the day fixed for docketing the cause, each of the aforesaid five petitioners presented his application to the Hancock Circuit Court to dismiss said petition as to himself, and accordingly the court dismissed said petition as to each of said parties, subject to the adjustment of costs. The joint application of Lewark and Gates was made and sustained on May 9, 1905, that of Shule on May 18, 1905, and of Leakey and Samuels on May 19. It appears that these five persons were the only petitioners for said ditch who owned any real estate

situated outside the corporate limits of the city of Green-
field. Appellants having knowledge of these motions to
dismiss, and of the action of the court in ruling on the same,
did not, so far as disclosed, make any objections to the dis-
missal or withdrawal of said petitioners. On December 19,
1905, the city of Greenfield (appellee herein) appeared and
filed its verified answer, whereby, under the facts therein
alleged, it challenged and denied the jurisdiction of the
Hancock Circuit Court over the subject-matter of said pro-
ceedings, upon the ground that all of the real estate de-
scribed in the petition as owned by the petitioners, or either
of them, was situated within the corporate limits of said
city of Greenfield, and the demand of the city was that the
petition and all proceedings thereunder be dismissed at the
cost of the petitioners. On December 20, 1905, Freeman
Braddock, John W. Comstock and Harvey Bradley, the other
appellees, each for himself and for all other remonstrators,
also appeared and filed a verified answer, denying the juris-
diction of the court over the subject-matter, for the reason
that all of the real estate described in the petition owned
by the petitioners, or any of them, was situated within the
corporate limits of the city of Greenfield, an incorporated
city under the laws of the State of Indiana, and that no one
of said petitioners owned any separate or distinct tract or
tracts of land lying outside the corporate limits of said city.
Other causes were also assigned to show that the court did
not have jurisdiction over the subject-matter. To each of
these answers appellants, the remaining petitioners, replied
by a general denial. The issues as formed upon these an-
swers and the replies of appellants thereto were tried by
the court, and at the request of the parties the court made
special findings and stated its conclusions thereon. Over
the objections and exceptions of appellants to each of the
conclusions of law, the court rendered judgment, dismissing
the petition and all proceedings thereon at the cost of the
petitioners. From this judgment this appeal is prosecuted,

and it is assigned that the court erred in each of its con-
clusions of law on the special findings; that it erred in re-
fusing to permit the drainage commissioners to file their re-
port on the assessment of real estate that would be benefited
by the proposed ditch, and in dismissing the proceedings
for the establishment of the proposed ditch.

The special findings are somewhat lengthy, and in some
respects contain matters of an evidentiary character. and
others that were not proper to be embraced therein.    We
set out such of the facts as are material to the question in-
volved.    Counsel for appellants virtually concede that the
principal point in the appeal is whether the tracts of real
estate owned by the petitioners and described in the petition
are situated within the limits of the city of Greenfield.    The
facts as found by the lower court and set out in the special
findings fully support the answers filed by appellees, and
show that appellants, under the provisions of the statute,
were not competent petitioners, for the reason that neither
of them was the owner of any tract or tracts of land situated
outside the limits of the city of Greenfield.    The following
facts are stated in the findings:   "(18)   The city of Green-
field, in Hancock county, is a duly incorporated city, and
has been since 1876.    The stream known as Brandywine
creek has its course through the corporate limits of said city
for a distance of one-half mile.    Its course through said. city
is represented on the map, annexed to this finding, by the
line N, V, U, N.    The course of the drain petitioned for in
this cause runs through the corporate limits of said city
for a distance of one-half mile, and the ditch petitioned for
would, if established and constructed, pass through the cor-
porate limits of said city for said .distance.    (19)   No peti-
tion has ever been filed in this cause which avers or shows
that the route of the ditch petitioned for in this cause would
have passed through the. corporate limits of said city or of
any town or city.    Neither has any petition been filed in
this cause ·which avers that the drainage desired to be ef-

fected by the proposed ditch described in the petition in this cause cannot be accomplished, without extraordinary labor and expense, and in the best and cheapest manner, without passing through the corporate limits of said city, and the court has not in any manner determined such questions. (20) That since the dismissals by the petitioners, as found and stated in a preceding finding herein, to wit, since May 19, 1905, the only persons remaining as petitioners or apparent petitioners for the proposed ditch in this cause are William S. and Henrietta Hutchinson, husband and wife, George W. Johnson and Laura E. Johnson, his wife, Susan J. Kirkpatrick, Jacob S. Pavey and C. E. Shule; that neither of the persons so remaining on said petition as petitioners, is the owner of any real estate, or of any interest therein, which lies outside of the corporate limits of said city of Greenfield; that all of the real estate mentioned or described in said petition and in the amended petition tendered the court herein by said Jacob S. Pavey, or by any one or more of them, or in which they or any of them have any interest whatever, or have had any interest whatever, from before the time said petition was filed until now, is situated within the corporate limits of said city, and not outside of said corporate limits."

It is argued by counsel for appellants that, after appellees had filed their answers assailing the jurisdiction of the court over the subject-matter of the cause, appellant Jacob S. Pavey and other petitioners filed an application to amend the petition by inserting therein the description of certain real estate other than that described in said petition, and to make the further amendment, in the event it is found that the drain runs through the city of Greenfield, by inserting in the petition the following: "That it is impracticable to construct said drain to conform to the route as prayed for in said petition following the course of Brandywine creek without passing through the limits of the city of Greenfield." The entries in the court's order-book,

as the same appear in the transcript, show the making of
this motion to amend, but there is an entire absence of any
showing, either by the entries of the order-book, bill of ex-
ceptions, or in any other manner authorized by the civil
code, as to what action was taken by the court in respect to
this application, and, so far as anything is properly shown
by the record, this motion or application to amend may still
be pending in the lower court.   Counsel for appellants con-
tend that the action taken by the court in reference to said
motion of the petitioners to amend their petition is shown
and made a part of the record by the conclusion of law upon
the special findings, wherein it is stated ''that the petition to
amend the petition herein by the petitioner Jacob S. Pavey
should be rejected, for the reason that the court has no juris-
diction in this cause.''   This contention is not tenable.

During the trial of the cause James T. and Martha A.
Bodkin, who had not been parties to the petition, filed a mo-
tion to be made petitioners in the cause.   There is an
order-book entry showing that this motion was pre-
sented to the court, but there is nothing in the record
to exhibit what, if any, action was taken by the court in ref-
erence to this motion, save and except that which is disclosed
in the special findings.   Counsel for appellants insist that
this is sufficient to exhibit the action or ruling of the court
upon the application of these parties to be made petitioners.
Were this insistence conceded to be true, still it is not ap-
parent that any right or rights of appellants were impaired
or affected by any adverse ruling of the lower court in re-
gard to the application in question, hence, they are not in a
position to complain.   It is the office of the special findings
to state the issuable facts in a case as the same have been
proved by the evidence.   It is not the province of the special
findings to state and exhibit as a part of the record the rul-
ings of the court in making up the issues of a cause or in re-
spect to the action taken by the court, either in denying or
permitting amendments to be made to the pleadings in the

case, etc. Section 660 Burns 1908, §629 R. S. 1881 (2 Thornton's Civil Code, §426), provides: "When the record does not otherwise show the decision or grounds of objection thereto, the party objecting must, within such time as may be allowed, present to the judge a proper bill of exceptions, which, if true, he shall promptly sign and cause to be filed in the cause. * * * When so filed, it shall be a part of the record." Section three of the act of 1903, concerning proceedings in civil procedure (Acts 1903, p. 338, §663 Burns 1908), further provides in what manner any pleadings, motions, etc., filed or offered to be filed, shall become a part of the record. 2 Thornton's Civil Code, §428. It is evident under the circumstances that the record presents no question, for the reasons hereinbefore stated, upon the motion or application of Jacob S. Pavey to amend the petition, or upon the application of Bodkin and Bodkin to become petitioners. The questions discussed by appellants, relative to certain irregularities in the annexation proceedings on the part of the city of Greenfield, cannot be considered. It is not the part of the special findings to set out evidentiary matters. Such matters must be disregarded. *Relender* v. *State, ex rel.* (1898), 149 Ind. 283; *Talbott* v. *English* (1901), 156 Ind. 299.

The court found the issuable or ultimate fact that the city of Greenfield was, and had been since 1876, an incorporated city. It was not necessary for it to go further and find and state the evidentiary matters which entered into or led up to the incorporation of said city, or in respect to the annexation of certain territory thereto. The irregularities in the annexation proceedings by the city of Greenfield, of which appellants complain, are not of such a character as to render them void, hence they are not open to a collateral attack in this case. *Huff* v. *City of LaFayette* (1886), 108 Ind. 14; *Hiatt* v. *Town of Darlington* (1899), 152 Ind. 570.

It will be observed that the court found that the drain

which appellants petitioned to have established and con-
structed, would extend into and pass through the cor-
6.   porate limits of said city of Greenfield for the distance
of one-half mile, and that no one of the persons re-
maining on the petition after May 19, 1905, as petitioners
for said drain, was the owner of any real estate lying outside
of the corporate limits of said city. In *Anderson* v. *Endi-
cott* (1885), 101 Ind. 539, it was held that the cities of this
State have exclusive jurisdiction of the matter of drainage
within their corporate limits, and that no authority under
the drainage statutes as they then existed was given for the
construction of drains in or through cities under the direc-
tion of the circuit court. It was at least requisite, under the
statute herein set out, in order to authorize appellants as pe-
titioners to maintain their petition and proceedings for the es-
tablishment and construction of a public drain, under the di-
rection or order of the Hancock Circuit Court, which drain
would pass through the corporate limits of the city of Green-
field, that they should be the owners of lands lying outside of
said city which would be benefited by the drain in question.
This was a jurisdictional fact which must be established in
order to give the court jurisdiction over the subject-matter.
*Sauntman* v. *Maxwell* (1900), 154 Ind. 114. In the latter
case this court said: "That a necessity exists for the drain-
age of country lands by means of a drain passing through
the corporate limits of a city, is a jurisdictional fact to be es-
tablished by the petitioners; and, as the method of deter-
mination of the sufficiency of the remonstrance for dismissal
depends upon the existence of the necessity, that jurisdic-
tional fact must be shown on the hearing of the remon-
strance. For the lack of such a finding the conclusion of law
is unassailable." Since our decision in the case just quoted
from, construing the statute herein involved, the
7.   legislature has twice reënacted it (first, §5623 Burns
1901, Acts 1901, p. 161, §2; second, Acts 1903, p.

504), presumably with the construction placed upon it in that decision. *Kunkle* v. *Abell* (1906), 167 Ind. 434; *Cain* v. *Allen* (1907), 168 Ind. 8.

After the withdrawal of the petitioners, who, it appears, were the only ones owning lands situated outside the limits of the city of Greenfield, appellants, the remaining petitioners, were not qualified or authorized under the statute to maintain the proceedings, as they were not invested with the ownership of lands as required by the law, consequently, in the absence of such ownership, they could not invoke the jurisdiction of the court over the subject-matter. *Lowery* v. *State Life Ins. Co.* (1899), 153 Ind. 100, was an action by a party who had no right under the law to sue. This court, in that appeal, in affirming that the lower court had no jurisdiction of the subject-matter, said: "We have before us a plaintiff who has no right to file a complaint —who has no right or power to put in action the jurisdiction of the court—and, in the absence of such right or power, we have in contemplation of law a case without a plaintiff or a complaint. * · * * The right of jurisdiction in a court over the subject-matter may exist, but its valid exercise depends wholly upon its being invoked by one who is entitled under the law to set it in motion." The rule affirmed in the latter appeal is certainly applicable to the case at bar under the facts herein.

This cause was tried by a special judge appointed by Judge Felt, the regular presiding judge of the Hancock Circuit Court. Before the appointment of the special judge it appears that Judge Felt, as previously shown, permitted five of the petitioners to dismiss the petition as to themselves. Counsel for appellants contend that the action of the regular judge in sustaining the motions by these petitioners to dismiss was void, because he was the owner of certain lands which would be affected by the proposed drain. Appellants, by their counsel, were in court at

the time the motions by the petitioners to dismiss were made, and they made no objection whatever, either as to the right of said parties to dismiss or as to the power or authority of Judge Felt to allow the dismissals in question. The judge's action in the premises certainly was not void, and the contention of counsel is wholly untenable. If their argument as to this feature of the case could be held to be sound, then, under the circumstances, it might be said that the acts of the same judge in permitting appellants, as he did, to amend the original petition, and in ordering notice to be given upon the amended petition, were also void, and appellants, under the circumstances, would have no standing in court, or, in other words, they would be hoisted by their own petard.

As the facts found and stated in the special findings developed that the lower court had no jurisdiction to establish the drain for which appellants petitioned, therefore it 9. was its duty to proceed no further in the matter, but to dismiss the petition and render judgment, as it did, against appellants for costs.

No reversible error being presented by the record, the judgment is affirmed.