## Monger et al. *v.* Pavey et al.

[No. 21,770. Filed May 28, 1912. Rehearing denied December 10, 1912.]

1. DRAINS.— *Establishment.— Costs and Allowances.— Retaxing Costs.—Right of County.*—The judgment of a court reducing allowances made to the drainage commissioners, engineers, and others for services rendered in a drainage proceeding which had been dismissed, rendered after the allowances had been paid by the county, does not affect the right of the county to reimbursement from the petitioners under the provisions of the circuit court drainage law of 1885 (§5644 Burns 1901, Acts 1885 p. 129, §11) as amended and in force at the time the drainage proceeding was commenced, and after reimbursing the county the petitioners are subrogated to the right of the county to recover from the persons to whom the allowances were made the amount that the allowances were reduced by such judgment. p. 668.

2. APPEAL.—*Questions Reviewable.—Costs.*—An appeal will not be entertained simply to determine who shall pay the costs in the trial court. p. 669.

From Hancock Circuit Court; *Meade Vestal*, Special Judge.

Proceeding to retax costs and allowances made to Oliver H. Monger and others on the dismissal of the petition of Jacob S. Pavey and others for the establishment of a drain. From a judgment retaxing the costs, Oliver H. Monger and others appeal, and Monger alone assigns error. *Appeal dismissed.*

*James E. McCullough* and *William C. Welborn,* for appellants.

*U. S. Jackson, Robert Williamson, Arthur C. Van Duyn, Elmer J. Binford, Charles H. Cook, William Ward Cook* and *Jonas P. Walker,* for appellees.

MONKS, J.—In December, 1904, certain landowners of Hancock county, Indiana, filed their petition in the court below under §5623 Burns 1901, as amended by the act approved March 10, 1903 (Acts 1903 p. 504, §1) for the establishment of a drain, under the provisions of said act. Such proceedings were had in said cause that the trial court on January 20, 1906, dismissed the same for want of jurisdiction, and this judgment of the trial court was affirmed on March 17, 1908, by this court on appeal, for the reasons stated in the opinion in said cause. *Pavey* v. *Braddock* (1908), 170 Ind. 178, 84 N. E. 5. Before said proceeding was dismissed in the trial court, said court, under the provisions of §5644 Burns 1901, Acts 1885 p. 129 §11, determined and allowed compensation to the drainage commissioners, engineers and other persons, to be paid out of the county treasury, and said allowances by said court in said proceeding were afterward paid out of the county treasury of Hancock county. Under the provisions of said circuit court drainage law of 1885, *supra,* as amended and in force when said drainage proceeding was commenced, and which governed the same, the petitioners were liable for all expenses in the event the court failed to establish the proposed drain. *Moorhouse* v. *Kunkalman* (1912), 177 Ind. 471, 96 N. E. 600.

Afterward, in March, 1909, appellees who were the petitioners for said drainage, filed in the court below a motion "to retax the costs and allowances" made by said court to "the drainage commissioners, engineers" and other persons employed by them, which had theretofore been paid to them out of the county treasury. The persons to whom said allowances had been made by the court and the same paid out of the county treasury were made parties to said motion, and served with notice thereof. Said motion was submitted to the court and evidence heard, and the court made a finding in said cause, and rendered judgment "retaxing and reducing a part of said allowances." From this judgment changing said allowances this appeal was taken, but only Oliver H. Monger has assigned errors in this court.

In the event the court fails to establish the proposed drain under said act, as in this case, it is evident that the right of the county to be reimbursed by the petitioners for the expenses paid out of the county treasury, cannot be affected by a judgment of the court reducing the allowances after the same have been paid by the county.

While the judgment of the court in this case reducing said allowances is binding on the persons to whom the same were made, the right of the county to be reimbursed by the petitioners was not affected thereby. Although the county, in such a case, has the right to recover from the persons to whom paid out of the county treasury the amount the same has been reduced by the court, it is not bound to do so, but may look alone to the petitioners for reimbursement. The petitioners, however, after they have reimbursed the county for the allowances paid out of the county treasury, are subrogated to the rights of the county, and may recover the amount that the allowances have been reduced by the court from the persons to whom paid.

Appellant Oliver H. Monger was surveyor of Hancock county when said drainage proceeding was commenced, and allowances were made to him and other persons by the court

in said cause, and the same were paid out of the county treasury. He was made a defendant to said motion to "retax said allowances" and was served with notice thereof. The allowances made and paid to him, however, were not changed or affected by the judgment changing said allowances. The only judgment against appellant Monger in this proceeding to retax said costs and allowances was a judgment for costs. It is evident that the only question affecting appellant Monger, as shown by the record, is whether he shall pay the costs in this proceeding. It is well settled that an appeal will not be entertained simply to determine who shall pay the costs in the trial court. *Manlove* v. *State* (1899), 153 Ind. 80, 53 N. E. 385; *Stauffer* v. *Salimonie Mining, etc., Co.* (1897), 147 Ind. 71, 73, 46 N. E. 342; *State, ex rel.,* v. *Boyd* (1909), 172 Ind. 196, 87 N. E. 140, and cases cited; *Faucher* v. *Grass* (1883), 60 Iowa 505, 15 N. W. 302; 2 Cyc. 533, 535; 2 Ency. Pl. and Pr. 341-343. See, also, *Princeton Coal, etc., Co.* v. *Gilmore* (908), 170 Ind. 366, 369, 370, 83 N. E. 500, and cases cited; *Mahoney* v. *Robbins* (1874), 49 Ind. 146, 148, and cases cited; *Jennings* v. *Loring* (1854), 5 Ind. 250; *White* v. *Sun Publishing Co.* (1905), 164 Ind. 426, 430, 73 N. E. 890, and cases cited.

The appeal is therefore dismissed.

NOTE.—Reported in 98 N. E. 625. See, also, under (2) 2 Cyc. 594.