PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ADOLFO RUIZ, JR., Defendant and Appellant.

No. 4396. Argued May 8, 1931.—Decided May 20, 1931.

*Juan B. Huyke* for appellant. *R. A. Gómez* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

Adolfo Ruiz, Jr., was found guilty of violating the National Prohibition Act and sentenced to pay a fine of five dollars and in default of payment thereof to suffer imprisonment. He paid the fine and then took an appeal from the judgment. The *Fiscal* moves to dismiss the appeal on the ground that it involves a moot question as the fine has been paid. This motion was orally opposed at the hearing by the appellant who argued that he had to pay the fine to avoid confinement in jail, since the judgment appealed from directed that he should forthwith be imprisoned if he failed to pay the fine, and if his appeal is heard the judgment complained of would be reversed in accordance with the decisions of this Court.

It may be stated as a well settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction, and that in the absence of such a controversy an appeal from a judgment will be dismissed. Such controversy may disappear by an act of the parties. 3 C. J. 357 and 361.

In the instant case no actual controversy exists for determination in view of the fact that the appellant has complied

with the sentence imposed on him. Where a defendant pays the fine to which he has been sentenced he waives his right of appeal. *State* v. *Westfall,* 37 Iowa 575; *State* v. *Burthe,* 39 La. Ann. 328, 1 So. 652; *People* v. *Leavitt,* 41 Mich. 470, 2 N. W. 812; *Commonwealth* v. *Gipner,* 118 Pa. 379, 12 A. 306; *Payne* v. *State,* 12 Tex. A. 160, cited in Am. Dig. Cent. Ed., vol. 15, p. 406; *State* v. *Wilder,* 23 So. 203, 50 La. Ann. 388, cited in 6 Am. Dig. Dec. Ed., par. 1026; *Washington* v. *Cleveland,* 88 Pac. 305, 49 Or. 12, 124 Am. St. Rep. 1013, cited in 8 Am. Dig. 2d Dec. Ed., par. 1026; *Township of Haverford* v. *Armstrong,* 76 Pa. Super Ct. 152; and *City of Lafayette* v. *Trahan,* 102 So. 409, 157 La. 305.

The contention of the appellant, that he paid the fine because it was ordered in the judgment of the lower court that if he failed to pay it he should forthwith be imprisoned, is without merit, as the action of the court was in accordance with section 329 of the Code of Criminal Procedure which provides that if the judgment is for imprisonment, or a fine, and imprisonment until it be paid, the defendant must forthwith be committed to the custody of the proper officer, and by him detained until the judgment is complied with; and because he was entitled to refuse to pay the fine if he appealed from the judgment and furnished bond. Act of 1921, p. 119, amending section 374 of the Code of Criminal Procedure. In *Madsen* v. *Kenner,* 4 Utah 3, 4 Pac. 922, it was held that where payment is made of a fine imposed by a judgment providing that in default of payment the defendant be imprisoned, an appeal therefrom must be dismissed. In *Bogue* v. *State,* 113 N. E. 753, from the Supreme Court of Indiana. the appeal was dismissed of a defendant who, having been convicted, accepted a parole; and it was further held that an appeal will not be entertained simply to determine costs, citing the cases of *Manlove* v. *State,* 153 Ind. 80, 53 N. E. 385, and *Monger* v. *Pavey,* 178 Ind. 666, 98 N. E. 625, and cases therein cited.

In regard to the other question raised by the appellant,

282

that the judgment must be reversed, we will say that this is not a proper ground for entertaining the appeal as once the judgment has been complied with there is no controversy to be settled.

The appeal must be dismissed as being academic.