UNITED STATES v. ELLIOT GREENE & CO., INC., ET AL.

No. 4452.—Invoices dated Wattens, Tyrol, Austria, November 15, 29, 22, 1935.
Certified November 18, December 2, November 25, 1935.
Entered at New York November 29, December 14, 12, 1935.
Entry Nos. 766889, 774710, 773174, 774760.

Second Division, Appellate Term

(Decided November 18, 1938)

*Webster J. Oliver*, Assistant Attorney General (*Richard F. Weeks*, special attorney), for the appellant.

*Chris. C. Keenan* and *Siegel & Mandell* (*Sidney Mandell* of counsel) for the appellees.

Before TILSON, KINCHELOE, and DALLINGER, Judges

TILSON, Judge: This is an application for a review of the decision of the trial court, filed under the provisions of section 501 of the Tariff Act of 1930. The merchandise involved consists of certain imitation precious stones, invoiced as roses montees and chaton roses, imported from Wattens, Tyrol, Austria, during the months of November and December 1935.

In view of the condition of the record and the conclusion we have reached concerning the same, we do not deem it necessary to discuss or pass upon the merits of this case.

At the trial of this case counsel for appellant offered and there was admitted in evidence, as Exhibit 1, a special agent's report, dated November 18, 1935, to which were attached Exhibits A and B. There was also offered and received in evidence, on motion of counsel for appellant, another special agent's report, dated January 13, 1936. This report was marked Exhibit 2.

An examination of said Exhibit 1 shows that this entire report is a photostatic copy, and an examination of Exhibit 2 shows that it is a carbon copy, to which has been attached at the end in ink the signature "Wilson C. Beers."

Section 501 of the Tariff Act of 1930, provides, among other things, as follows:

In finding such value affidavits and depositions of persons whose attendance cannot reasonably be had, price lists and catalogues, reports or depositions of consuls, customs agents, collectors, appraisers, assistant appraisers, examiners, and other officers of the Government may be admitted in evidence. *Copies* of official documents, *when certified by an official duly authorized by the Secretary of the Treasury, may be admitted in evidence with the same force and effect as original documents.* [Italics ours.]

If, in the enactment of the above-quoted statute, the Congress had desired to make copies of official documents admissible in evidence with the same force and effect as original documents, this result could have been accomplished by simply omitting the qualifying phrase, "when certified by an official duly authorized by the Secretary of the Treasury," thus making said provisions read as follows:

Copies of official documents may be admitted in evidence with the same force and effect as originals.

The Congress did not so write the law and no reason appears why, if permitted to do so, we should attempt so to construe it.

If the provision in question means what it says, and it must be so accepted, that "Copies of official documents, when certified by an official duly authorized by the Secretary of the Treasury, may be admitted in evidence * * *," the converse of that provision would appear to be equally true and correct. Therefore, copies of official documents, when *not* certified by an official duly authorized by the Secretary of the Treasury, may *not* be admitted in evidence.

It is to be noted that no objection to the admission of these reports in evidence was made at the time they were offered on the ground that they were photostatic copies or carbon copies. Under no circumstances, however, would said reports be admissible in evidence in the absence of the statute quoted above.

Evidence made admissible only by statute is not on the same footing and does not stand in the same position and category as evidence admissible under the common law and rules of evidence. Hearsay evidence and evidence otherwise objectionable under the common law and rules of evidence, if objection is not made to its admission at the time it is offered, may establish the fact in controversy as conclusively as the best evidence regularly procured. On the other hand, evidence which is made admissible only by statute, is not admissible under any circumstances until the statute has been strictly complied with in regard to the form and authentication of such evidence. The failure of counsel to object to such evidence, when offered, cannot serve to cure the defect in such evidence for not being in the form and shape required by the statute, and thereby make the same admissible.

In the case of *Smith* v. *United States*, 5 Pet. 291, 8 L. ed. 130, at page 133, the Supreme Court of the United States said:

*Where copies are made evidence by statute, the mode of authentication required must be strictly pursued. The Legislature may establish new rules of evidence in derogation of the common law, but the judicial power is limited to the rule laid down.* [Italics ours.]

It is true that the report, Exhibit 2, purports to bear the signature of Wilson C. Beers, but if said Beers actually signed said report no proof to that effect has been offered in this case. Certain it is that this court is not sufficiently familiar with the signature of Wilson C. Beers that it can hold this signature to be the authentic signature of Wilson C. Beers.

On this point we quote the following from Richardson on Evidence, Fifth Edition, 1936, section 211:

\* \* \* But the "copy" *under certain conditions* may become the "original." Wigmore on Evidence, secs. 1231 and 1235. Contracts and other writings are frequently executed in duplicate, each party retaining one. All such duplicates and counterparts are regarded as originals. It follows, therefore, that *either party may produce the duplicate which he has and prove it as an original copy, without proving or producing the other.* Hubbard v. Russell, 24 Barb. (N. Y.) 404; *Crossman* v. *Crossman*, 95 N. Y. 145; *Sarasohn* v. *Kamaiky*, 193 N. Y. 203, 86 N. E. 20.

\*     \*     \*     \*     \*     \*     \*     \*

The most important application of this rule at the present time is found in the case of carbon copies. If the entire document is written at the time the carbon copy is made, leaving no blanks to be filled in later, the carbon copy will be received in evidence as a duplicate original. But *where several copies are made on the typewriter at the same time, by the use of carbon paper, and then one of them is signed, the signed copy becomes the original, and the others are copies with the signature missing.* [Italics ours.]

In the case of *Pittsburgh C. C. & St. L. Ry. Co.* v. *Brown*, 98 N. E. 625, it was held that duplicates produced by mechanical means and each signed by the author, are all duplicate originals, and may be introduced in evidence without accounting for the nonproduction of the original. This, however, does not relieve the party offering the duplicate of establishing by proper evidence that it is in fact a duplicate, and that the signature is the genuine signature of the party who signed the original. In this case no such proof has been offered as to said exhibits.

With reference to the certification of special agents' reports and copies thereof, we find the following published as T. D. 40515:

In accordance with this authority I have designated the Customs Information Exchange as one of the instrumentalities for dissemination of information for the purposes recited in the statute, and in this connection, on October 24, 1922, I authorized Mr. Frank Dow, then the customs agent in charge of the exchange, to certify to copies of official documents under the provisions of section 501, above. (See T. D. 39305, November 10, 1922.) Since that date Agent Dow has been succeeded as agent in charge of the Customs Information Exchange by Mr.

Frederick S. Freed, and the authority granted to Agent Dow in my letter of October 24, 1922, was intended to extend, and is hereby ratified and confirmed to extend to Mr. Dow's successors, and, in the absence of the agent in charge of the Customs Information Exchange, the agent acting in charge is authorized to certify copies of official documents in accordance with the provisions of section 501.

Had these copies of reports been certified as required by said section 501, and as provided in T. D. 40515, there could have been no question as to their admission in evidence. In their present condition, however, under the authorities cited and for the reasons stated, we hold that the admission of these reports by the trial judge was error, and the same are hereby excluded from the record in this case.

Since the trial court based its decision to a great extent on the said reports, and since it has not considered this case on the record with these reports excluded, we hereby remand this case to the trial court for the purpose of deciding the same on the record as made with the report of November 18, 1935, and the report of January 16, 1936, excluded.

Judgment will be rendered accordingly.