MILLER, ADMX. *v.* ST. JOSEPH COUNTY HOME

[No. 17,879. Filed October 5, 1949.
Rehearing denied November 4, 1949.]

438

*Charles Davis*, of Mishawaka, for appellant.

*Irving A. Hurwich*, of South Bend, for appellee.

DRAPER, J.—One Jerome Miller was kept and cared for at public expense in the St. Joseph County Home for several years ending in June, 1948, when he died. Thereafter a claim was filed against his estate on behalf of "St. Joseph County Home" to secure reimbursement "for his keep." See Acts of 1923, ch. 41, amended by Acts of 1945, ch. 270, Burns' 1933, § 52-142.

From an adverse judgment the Administratrix appeals.

St. Joseph County Home is not a legal entity of any kind. It is merely the name of a place. It therefore lacks the right or power to maintain an action. 47 C. J., Parties, § 16, et seq.; 39 Am. Jur., Parties, § 9. Cf. *Karges Furniture Co.* v. *Amalgamated, etc., Union* (1905), 165 Ind. 421, 75 N. E. 877; *Turner* v. *Henshaw, Rec.* (1927), 86 Ind. App. 565, 155 N. E. 222; *Faultless Caster Corporation* v. *United Workers* (1949), 119 Ind. App. 330, 86 N. E. 2d 703. And even if it were a legal entity, it could not maintain this action, for when a statute creates a cause of action and designates who may sue, none but those designated

have the right to institute the suit. 39 Am. Jur., Parties, § 9; *Ryan et al.* v. *Ray et al.* (1886), 105 Ind. 101, 4 N. E. 214; *Pavey* v. *Braddock* (1908), 170 Ind. 178, 84 N. E. 5; *Princeton Coal, etc., Co.* v. *Lawrence* (1911), 176 Ind. 469, 95 N. E. 423, 96 N. E. 387.

We cannot agree that the question here is merely one of capacity to sue, which is waived under the provisions of Burns' 1946 Replacement, §§ 2-1007 and 2-1011 unless raised by demurrer or answer. Want of capacity has reference, not to the existence of a plaintiff, but to legal disability, such as infancy, mental incompetency, and the like. *Ward* v. *Petrie* (1898), 157 N. Y. 301, 51 N. E. 1002. A party plaintiff must have an actual legal existence and he must in addition thereto have the legal capacity to sue. 39 Am. Jur., Parties, § 12, p. 865. Courts sit to settle actual disputes between existent parties. No right of action resides in a non-existent plaintiff. "The two things are essentially different in their natures, and in their results; the right of action is of the substance, the capacity to sue is necessary only as against a dilatory objection." *Ritter* v. *Ritter* (1942), 219 Ind. 487, 38 N. E. 2d 997.

The lack of legal capacity to sue may be waived under the statutes. A suit brought in the name of a single non-existent plaintiff is a mere nullity. 47 C. J., Parties, § 24.

A complaint filed in the name of a non-existent plaintiff will not activate the jurisdiction of the court. Such a case is one without a plaintiff or a defendant. The defect is therefore jurisdictional, and can be raised for the first time in this court. "The right of jurisdiction in a court over a subject-matter may exist, but its valid exercise depends wholly upon its being invoked by one who is entitled under the

law to set it in motion. 'The power to hear and determine a cause is jurisdiction; and it is *coram judice* whenever a cause is presented which brings this power into action. But before this power can be affirmed to exist, it must be made to appear that the law has given the tribunal capacity to entertain the complaint against the person or thing sought to be charged or affected; that such complaint has actually been preferred; and that such person or thing has been properly brought before the tribunal.' " *Lowery* v. *State Life Ins. Co.* (1899), 153 Ind. 100, 54 N. E. 442.

The defect is fatal to the maintenance of the case. It is not such a defect or imperfection as can ■ be considered immaterial under the provisions of Burns' 1946 Replacement, §§ 2-1071 or 2-3231.

In this view of the situation, we consider it unnecessary and perhaps improper to discuss other questions raised.

Reversed and remanded with instruction to dismiss the proceeding.

NOTE.—Reported in 87 N. E. 2d 886.