Gary L. **PARKER, Appellant-Defendant,**

v.

**ROD JOHNSON FARM SERVICE, INC.,**
**Appellee-Plaintiff.**

**No. 3–377A82.**

Court of Appeals of Indiana,
Third District.

Jan. 23, 1979.

John Martin Smith, Douglas J. Atz, Smith & Carlson, now Smith & Atz, Auburn, for appellant-defendant.

James R. Heuer, Gates & Gates, Columbia City, for appellee-plaintiff.

STATON, Judge.

Rod Johnson Farm Service, Inc. claimed that Gary Parker, a farmer, had breached a contract for delivery of soybeans. The trial court granted Johnson a judgment of $10,780, plus costs. Finding no error, we affirm.

In late May 1974, Gary Parker entered into an oral agreement with David Starkey, manager of Rod Johnson Farm Service, Inc. The terms of the agreement, confirmed in a writing dated June 6, 1974, required Parker to deliver 5,000 bushels of soybeans to Farm Service during September and October. Parker was to be paid $5.09 per bushel, less shipping. Farm Service arranged to sell the soybeans to a grain company at a price of $5.26 per bushel.

In the fall of 1974, Parker delivered a total of 498.26 bushels of soybeans to Farm Service. In order to fulfill its own contracts, Farm Service was forced to purchase soybeans at a cost greatly in excess of $5.09 per bushel. In December 1974, Farm Service presented Parker with a bill covering the short delivery of soybeans. Parker refused to pay. After a trial, the court rendered judgment for Farm Service.

On appeal, Parker raises several issues for our review. We have grouped several of them together for convenience.

ISSUE I: Did the trial court err in granting judgment to Rod Johnson Farm Service, Inc. in light of the fact that the contract sued upon was imprinted

with the name, "Rod Johnson Farm Service"?

ISSUE II: Was there sufficient evidence in the record to support Farm Service's claim that the contract required delivery during September and October of 1974?

ISSUE III: Were damages properly awarded?

## I.

### Corporate Name

Parker claims that Rod Johnson Farm Service, Inc. could not seek recovery based on a contract between Parker and Rod Johnson Farm Service. Parker claims the cause was not instituted by a party to the contract, but by an improper party. He asserts that the trial court improperly admitted evidence showing that the corporate Farm Service was the same entity that executed the contract in question. Finally, he argues that the trial court improperly admitted two irrelevant exhibits (including the contract sued upon) which referred to a "Rod Johnson Farm Service."

 It is true that, as a corporation, Farm Service was required to include "Inc." as part of its corporate name. IC 1971, 23–1–2–4, Ind.Ann.Stat. § 25–203 (Burns Code Ed.).[1] It is also true that a corporation which conducts business under any other name or designation is required to file a certificate stating such assumed names. IC 1971, 23–15–1–1, Ind.Ann.Stat. § 50–201 (Burns Code Ed.). No evidence was presented showing that Farm Service had complied with this statute. However, this statute is designed to protect the public from fraud and imposition by preventing a corporate entity from concealing its identity. *Sheraton Corp. of America v. Kingsford Packing Co., Inc.* (1974), Ind.App., 319 N.E.2d 852, 858. For that reason, it has been held not to invalidate contracts entered into in violation of its terms. *Id.*

In the present case, Parker had no question regarding the identity of the corporate entity, either when arranging the sale or when appearing to defend the action. Parker had dealings with Farm Service from 1971 or 1972 through 1974 and personally knew both managers. Parker has failed to demonstrate how his legal rights were jeopardized by the incorrect designation of "Rod Johnson Farm Service," which appeared on the confirmation of purchase.

In *Warner v. Young America Volunteer Fire Dept.* (1975), Ind.App., 326 N.E.2d 831, exactly the opposite situation was considered. The Young America Volunteer Fire Department recovered in an action. However, the true corporate name of the plaintiff was "Young America Vol. Fire Department, Inc." On appeal, the defendant argued that the lawsuit, initiated under a name other than the corporate name, was an ultra vires, illegal act, rendering the judgment for the corporation void. The court found for the fire department, noting:

"In any event we think the plaintiff corporation was properly in court, and that it had invoked and submitted itself to the jurisdiction of the court, despite the minor variance between the corporation's true corporate name and the name of the corporation as it is styled in the caption of the Complaint . . . The defendant does not allege any misunderstanding about who the plaintiff was and the defendant could not have been misled as to the true identity of the plaintiff."

*Id.* at 836–37.

In our present case, Rod Johnson Farm Service, Inc. could properly bring an action to enforce the contract made in the slightly different name of its predecessor, Rod Johnson Farm Service. Parker cannot point to the discrepancy in name in order to avoid his obligations under the contract.

## II.

### Delivery Date

 Parker argues that the contract, which specifies September—October as the

---

1. Rod Johnson Farm Service became incorporated in 1973. The corporate entity apparently continued using certain old forms showing the unincorporated name. As shown by the issues raised in this case, such a sloppy business practice can create unnecessary problems for a corporation.

date of delivery, fails to establish the year in which the contract was to be performed.

Under IC 1971, 26–1–1–205, Ind.Ann. Stat. § 19–1–205 (Burns Code Ed.), a usage of trade may supplement or qualify the terms of an agreement.

At trial, manager Starkey testified that, in the grain business, normally only the month of delivery appears in the contract. When no year is specified, the year of delivery is understood to be the same year as the year in which the contract itself is dated. Parker himself testified that to him "fall delivery" meant that delivery was to be made in the fall of the same year as the contract was made.

The evidence in the record establishes that the soybeans were to be delivered in September and October of 1974.

### III.

#### Damages

Farm Service was in the business of buying and selling farm crops. When Parker failed to deliver 4,502 bushels of contracted soybeans, Farm Service was forced to purchase other soybeans to cover the contract it had already made with grain buyers. Under IC 1971, 26–1–2–712, Ind. Ann.Stat. § 19–2–712, and IC 1971, 26–1–2–713, Ind.Ann.Stat. § 19–2–713 (Burns Code Ed.), upon Parker's nondelivery, Farm Service was entitled to the difference between the market price for soybeans at the time it learned of the breach and the contract price.

Parker could have satisfied his contract with Farm Service if he had delivered the soybeans at any time during September or October of 1974. When delivery had not been made by the last day in October, Farm Service could treat the contract as breached. The market price for soybeans was $7.31 per bushel on October 30, 1974, and $7.58 per bushel on November 1, 1974.

The trial court awarded Farm Service damages of $10,780, plus costs. This figure amounts to approximately $2.40 for each bushel which Parker failed to deliver. The trial court did not err in its award of damages.

The judgment of the trial court is affirmed.

HOFFMAN, J., concurs.

GARRARD, P. J., concurs with opinion.

GARRARD, Presiding Judge, concurring.

I concur in parts I and II. It appears to me unclear whether the court treated the damage issue as one of "cover" under IC 26–1–2–712 or simply market price damage for non-delivery under IC 26–1–2–713. However, under either application the damages were well within the evidence, and Farm Service has not cross-appealed. Nor has Parker urged error on that basis.

The judgment should be affirmed.