## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 08 2017, 9:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James A. Hanson
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bruce R. VandeZande, <br> *Appellant-Defendant,* <br><br> v. <br><br> Market Ready, <br> *Appellee-Plaintiff.* | March 8, 2017 <br><br> Court of Appeals Case No. <br> 02A03-1607-CC-1661 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Stanley A. Levine, Judge <br><br> Trial Court Cause No. <br> 02D03-1409-CC-2161 |

**Bailey, Judge.**

# Case Summary

[1] Bruce R. VandeZande ("VandeZande") incurred a debt with Market Ready, an Ohio-registered trade name used by Daniel H. Letzer ("Letzer"). Letzer

proceeded as plaintiff under the name Market Ready, and filed a collection suit against VandeZande. The trial court entered summary judgment on Market Ready's claims, and VandeZande filed a motion under Indiana Trial Rule 60 to set aside the judgment. The trial court denied the motion, and VandeZande appealed.

[2] We affirm.

# Issue

[3] VandeZande presents one issue for our review, which we restate as whether the trial court erred in denying VandeZande's motion to set aside the judgment because Letzer's use of a trade name registered in Ohio, but not Indiana, deprived the trial court of jurisdiction.

# Facts and Procedural History

[4] On September 29, 2014, Market Ready filed a complaint against VandeZande seeking judgment on an unpaid account balance of $11,017.57. The debt had been incurred by BVZ, Inc., an administratively-dissolved Indiana corporation under whose name VandeZande conducted business. In his answer, VandeZande alleged, among other facts, that Market Ready lacked capacity to file suit because the Market Ready trade name, registered in Ohio to Letzer, had not been registered in Indiana. VandeZande's answer acknowledged the debt, but alleged that Market Ready/Letzer had improperly refused tendered payments.

[5] On October 26, 2015, Market Ready filed a motion for summary judgment on the claim together with designated evidentiary materials. On December 14, 2015, the trial court granted Market Ready's motion and entered judgment against VandeZande for $11,017.57 plus court costs.

[6] On May 16, 2016, VandeZande filed a motion to set aside the judgment under Indiana Trial Rule 60. As grounds for relief, VandeZande restated his contention that Market Ready was not a registered trade name for any active business in Indiana, noted that there had nevertheless been no amendment of the pleadings, and argued that as a result the suit was not filed by a real party in interest under Trial Rule 17. On that basis, VandeZande argued that the judgment against him was void, and moved the court to set aside the judgment and dismiss the case. Market Ready responded, claimed that VandeZande's motion was untimely and had been defectively served upon Market Ready, and requested that the trial court deny the motion.

[7] The trial court denied Market Ready's motion on June 8, 2016. This appeal ensued.

## Discussion and Decision

[8] VandeZande appeals the trial court's denial of his motion to set aside the judgment under Rule 60(B). We review a trial court's grant or denial of such motions under an abuse of discretion standard. *Waterfield v. Waterfield*, 61 N.E.3d 314, 323 (Ind. Ct. App. 2016), *trans. denied*. An abuse of discretion

occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it, or when the trial court errs on a matter of law. *Id.*

[9] We note as well that Market Ready did not file an appellee's brief. When an appellee fails to file a brief, we will not undertake the burden of developing an argument on his behalf. *Geico Ins. Co v. Graham*, 14 N.E.3d 854, 857 (Ind. Ct. App. 2014). Thus, we may reverse upon a showing of *prima facie* error, that is, error at first sight, on first appearance, or on the face of it. *Id.* Even under the *prima facie* error rule, however, we are obligated to correctly apply the law to the facts to determine whether reversal is required. *Id.* We will affirm if the appellant is unable to establish *prima facie* error. *Id.*

[10] Here, VandeZande claims that Market Ready, a trade name for Letzer's business registered in Ohio but not in Indiana, was an improper party to pursue the claim, and thus the trial court lacked subject matter jurisdiction necessary to adjudicate the case. VandeZande directs us, in particular, to *Miller's Estate v. St. Joseph County Home*, 119 Ind. App. 437, 87 N.E.2d 886 (1949), and interpretations of that case's rule in our sister states.

[11] In *Miller's Estate*, the St. Joseph County Home filed a claim seeking reimbursement from the estate of Jerome Miller. The court observed, "St. Joseph County Home is not a legal entity of any kind. It is merely the name of a place. It therefore lacks the right or power to maintain in [sic] action." *Id.* at 439. Moreover, the court observed that the cause of action at issue was a

statutory one, and St. Joseph County Home was not a statutory legal entity with standing under the applicable statute. *Id.* *Miller's Estate* and the authorities upon which it relied preceded our state's implementation of notice pleading, and addresses the problem of "a nonexistent plaintiff"—that is, an unincorporated piece of real estate cannot be a plaintiff. *Id.* at 440.

[12] In *Parker v. Rod Johnson Farm Serv., Inc.*, Parker appealed a judgment against him in an action where Rod Johnson Farm Service, a corporation, did not include the "Inc." at the end of its name. 179 Ind. App. 190, 191, 384 N.E.2d 1129, 1131 (1979). Addressing then-effective Indiana corporation statutes, this Court observed that a corporation was legally obligated to suffix an "Inc." to its name and that registration of trade names for business was required by statute. *Id.* The court observed that the purpose of these statutory provisions was "to protect the public from fraud and imposition by preventing a corporate entity from concealing its identity." *Id.* at 192, 1131. Noting from the record that Parker "had no question regarding the identity of the corporate entity," *id.*, the court concluded that Ron Johnson Farm Service Inc. could properly bring an action "made in the slightly different name of its predecessor." *Id.* at 193.

[13] Here, Market Ready was not registered to Letzer as a trade name in Indiana. However, our review of the record discloses that even in his answer to the complaint, VandeZande had no question that Market Ready was, in fact, Letzer: "Defendant … acknowledges that the appropriate legal person to act as Plaintiff in this action is Daniel H. Letzer, who is also the Agent/Registrant of the Registered Trade Name 'Market Ready.'" (App'x Vol. 2 at 11.) Unlike

*Miller's Estate*, there is a legal entity—namely Letzer—who operates what is apparently a sole proprietorship with an assumed name in Ohio. As in *Parker*, there is no confusion or risk of fraud in a recovery inuring to Market Ready.

[14] We accordingly find no error in the trial court's order denying VandeZande's motion to set aside the judgment.

[15] Affirmed.

Najam, J., and May, J., concur.