## SAYLOR, ADMINISTRATOR, *v.* OBENDORF.

[No. 6,542. Filed November 3, 1909. Rehearing denied January 14, 1910. Transfer denied February 25, 1910.]

1. TRIAL.—*Taking Case from Jury.—Appeal.*—A directed verdict for the defendant can be upheld, on appeal, only where the facts, together with the inferences therefrom, most favorable to the plaintiff, wholly fail to entitle him to any relief. p. 438.

2. CONTRACTS.—*Support.—Failure to Conform.—Damages.*—Where the plaintiff's decedent conveyed her farm to her son, such son

agreeing to furnish, for her, firewood, vegetables, apples and cider, and the evidence, in an action by her administrator for damages, fails to show that any vegetables or apples were raised on the farm thereafter, or that any cider was made, and further shows that such son furnished some of the wood used by the grantor, and agreed with the person who furnished the remainder to pay for it, no breach of the contract is shown. p. 439.

3. TRIAL.—*Directing Verdict.—Proving Different Cause of Action. —Variance.*—Where the evidence shows a wholly different cause of action from the one alleged, a verdict for defendant should be ordered. p. 440.

From Dekalb Circuit Court; *Emmet A. Bratton,* Judge.

Action by Joseph Saylor, as administrator with the will annexed of Mary Kurtz, against Jacob Obendorf. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*P. V. Hoffman* and *Frank A. Brink,* for appellant.
*E. B. Dunton* and *J. E. & J. H. Rose,* for appellee.

MYERS, J.—This was an action by appellant against appellee, based upon a certain written contract entered into September 29, 1897, between appellee and appellant's decedent, whereby it is alleged that appellee agreed, in consideration of said decedent's conveying to him certain land, that he would satisfy certain debts of decedent, pay her $500 in cash, and furnish her "with the necessary vegetables, apples, and one barrel of cider each year, and also furnish her with the necessary firewood during her life," but that appellee, upon demand by decedent, failed to furnish the articles therein stiupulated to be furnished; that decedent died in 1907, and that said contract had been lost or destroyed; that the articles to be furnished by appellee to decedent and not furnished were of the value of $1,000, for which judgment is demanded.

The complaint, the answer in four paragraphs and a reply in general denial formed the issues submitted to a jury for trial. At the conclusion of plaintiff's evidence the court instructed the jury to return a verdict for the defendant. Plaintiff's motion for a new trial, for the reasons therein

stated—that the verdict is not sustained by sufficient evidence, and is contrary to law, and error of the court in instructing the jury to return a verdict for defendant—was overruled, and final judgment rendered in favor of defendant.

The overruling of plaintiff's motion for a new trial is assigned as error. The question is, Did the court err in peremptorily instructing the jury? The answer to this question requires us to consider the evidence, keeping in mind that this particular action of the court "can only be upheld where, after a consideration of all the evidence most favorable to plaintiff, together with all reasonable and legitimate inferences which a jury might have drawn therefrom, it can be said that the evidence is clearly insufficient to establish one or more facts essential to the plaintiff's right of action." *Davis* v. *Mercer Lumber Co.* (1905), 164 Ind. 413.

The evidence, about which there is little or no conflict, shows that on September 29, 1897, Mary Kurtz, appellant's decedent, was the owner of certain lands in Dekalb county, which she conveyed to her son, appellee herein; that the consideration recited in the deed was $3,100; that, concurrently with the execution of the deed, the grantor and grantee therein entered into a written contract, which thereafter and prior to the commencement of this action had been lost or destroyed. Only one witness, the scrivener, undertook to detail the contents of that instrument. This witness testified that the true consideration for the deed, as stated in the contract, was that the grantee should pay the then existing debts of the grantor, and furnish her, during her life, with necessary firewood and vegetables, and, in the fall of each year, apples and one barrel of cider, when there was an apple crop. The evidence also shows that appellee furnished the timber from which eight cords of wood was cut; that the decedent lived with her daughter, the wife of appellant, who resided, for five or six years after the execution of the deed, on a ten-acre tract, the property of a third person, ad-

joining the land conveyed, and then moved to another farm about one mile distant, where they lived at the time of the death of decedent; that she died testate, and by the terms of her will all of her property was devised to said daughter and her husband, the appellant; that during the time decedent resided with her said daughter she was physically unable to do any work, and it was necessary to keep one fire burning day and night during the entire year, except in the summer when it was necessary to have a fire in the heating stove nearly every evening; that in the house where decedent lived appellant maintained one heating stove and one cook stove; that the entire household had the benefit of and were warmed by the same fire; that the wood, except eight cords, was provided by appellant, estimated at thirty cords each year for the heating stove, and worth from $1.50 to $2 a cord delivered. It also appears that with the exception of the eight cords no part of the wood came from appellee's farm; that appellee, upon one or two occasions, during the spring of 1899, made inquiry of appellant as to his having wood, and said that he (appellee) had no more wood than he needed; but that he was to furnish his mother wood, and that appellant should go ahead and get it, and said: "I will see that you get your pay." Appellant replied that he would, and he did furnish the wood. On the farm conveyed was an apple orchard, and, from the entire evidence, the only inference to be drawn is that the parties to said contract had reference to apples grown in that orchard.

We have endeavored to state the facts and inferences to be drawn from the evidence as favorably to appellant as the record will justify. Therefore, keeping in mind

2.    the gist of the action, appellee's failure to furnish firewood, vegetables, apples and cider, and the proof relative thereto, it will be seen that there is absolutely no evidence that during the ten years in question any vegetables or apples were grown on the farm conveyed by decedent to

appellee, nor is there any evidence as to the quantity of these articles necessary for decedent's use, or the value of such articles as a basis of recovery. As to the wood, it does not appear that the decedent ever had any cause for complaint. It is shown that only eight cords of wood was cut from the land conveyed, while thirty cords each year were necessary for the comfort of decedent, and that appellee had said that he had no wood other than for his own use; and it appears that by an arrangement between appellee and appellant, to which decedent was not a party, the necessary firewood was actually furnished. From the evidence, it cannot be said that Joseph Saylor furnished the wood because of a refusal of appellee to do so, or because of any request by the decedent, but it is clear that Saylor, a stranger to the original contract, did furnish it at the request of appellee, on the strength of appellee's promise to pay therefor.

The complaint, in this case, proceeds upon the theory of a liability to the decedent's representative, while the evidence makes out a *prima facie* case against appellee and in

3. favor of Joseph Saylor, personally, and is therefore within the rule forbidding a recovery where the evidence makes out a case materially different from the case made by the pleadings. *Borders* v. *Williams* (1900), 155 Ind. 36, and cases cited. Had appellant's decedent employed Saylor to supply her with firewood, because of appellee's refusal so to do, and this was a suit by Saylor to collect from appellee the reasonable value of the wood furnished by him, we would have a state of facts not unlike the facts in the case of *Huffmond* v. *Bence* (1891), 128 Ind. 131. But the facts in that case being so widely different from the facts in the case at bar, it is without influence.

Judgment affirmed.