## LAKIN *v.* DUNCAN.

[No. 14,445. Filed April 22, 1932. Rehearing denied October 28, 1932.]

*William J. Henley, Sr., William F. Marshall* and *Remy, Harrison and Remy,* for appellant.

*John H. Kiplinger, Jean R. Kiplinger* and *Chauncey W. Duncan,* for appellee.

CURTIS, J.—John M. Lakin, the appellant, filed a claim against the estate of his mother, Sarah J. Riley, deceased. It was based upon an alleged promissory note claimed to have been executed and delivered by the decedent to the appellant, payable at the death of the maker. The claim was in the usual form and a copy of the note in question was made a part of it as an exhibit. Afterwards the appellant filed what is denominated a "supplemental complaint," in which it is alleged that the note had become lost since the filing of the claim, and that a diligent search has been made by the claimant, but that he is unable to find the same;

with the supplemental complaint a copy of the note was filed as an exhibit and made a part thereof, as follows:

"Exhibit A.

$300.00          Rushville, Ind., Apr. 21, 1919.

"At my death after date I promise to pay to the order of John M. Lakin, at the Rushville National Bank of Rushville, in the State of Indiana, Three Hundred Dollars, with 6 per cent interest per annum, from date, and Attorneys' Fees. Value received, without any relief whatever from valuation or appraisement laws. The Drawers and Indorsers severally waive presentment for payment, protest, notice of protest and non-payment of this note.

(Signed) Sarah J. Riley."

The claim was disallowed and transferred to the issue docket for trial. The answer which our statute interposes in claims against estates which are disallowed and transferred to the issue docket for trial was the only answer. The cause was tried before a jury. At the close of the evidence for the plaintiff (appellant), the appellee moved the court for a directed verdict in his favor, which motion was sustained over the objection and exception of the appellant, and the jury, in accordance with the court's peremptory instruction, returned a verdict for the appellee. A motion for a new trial was filed and overruled, and an exception taken. Judgment was entered upon the verdict and in accordance therewith, and this appeal prayed and perfected.

The errors relied upon for reversal, as stated in appellant's brief, are: (1) Error in overruling the motion for a new trial; (2) Error in giving the said peremptory instruction to the jury. The causes stated in the motion for a new trial briefly are: The verdict of the jury is not sustained by sufficient evidence; the verdict of the jury is contrary to law; error in giving the peremptory instruction to the jury above referred to,

and error in excluding and suppressing certain parts of the deposition of the witness, Ruby Riley Dixon, a sister of the appellant.

The law seems to be well settled in Indiana as to when and under what state of facts the trial court can properly take a case from the jury by a peremptory instruction. We quote with approval from *Saylor, Admr., v. Obendorf* (1910), 45 Ind. App. 436, 89 N. E. 600, wherein the court used this language: "The question is: Did the court err in peremptorily instructing the jury? The answer to this requires us to consider the evidence, keeping in mind that this particular action of the court can only be upheld where, after a consideration of all of the evidence most favorable to the plaintiff, together with all reasonable and legitimate inferences which a jury might have drawn therefrom, it can be said that the evidence is clearly insufficient to establish one or more facts essential to the plaintiff's right of action." In the above case the court, in part, used the language used in the case of *Davis* v. *Mercer Lumber Company* (1905), 164 Ind. 413, 73 N. E. 899.

We proceed to examine the evidence to determine the question above indicated. There were but three witnesses, the appellant, his sister, Ruby Riley Dixon, and Chester M. George, an attorney. The latter's testimony is unimportant in the determination of the question, as he testified only as to what a reasonable fee would be for plaintiff's attorney. We set out only so much of the evidence of the other two witnesses as is necessary or material to a determination of this question.

A condensed recital of the evidence given by the appellant himself, as set forth in the appellant's brief, the accuracy of which is not questioned by the appellee in his brief, is as follows: "I reside at Ossining, a suburb of New York City. I have not lived in Rushville, In-

diana, for forty years. Sarah J. Riley, deceased, was my mother. I am the plaintiff in this case. The note upon which this claim is based has been lost; I cannot find it; I have looked for it, and I cannot find it. I had the note here with me the first of the year. I looked for it when you wrote for me to come here and bring the note. I had the original note with me in January when I came to your office to file the claim against the estate. I had it with me and I showed it to you, and you copied it. I have made diligent search for this note since I discovered its loss. I never delivered this note to any person, and kept it always in my possession. I have looked for it, and I cannot find it."

The evidence of the witness, Ruby Riley Dixon, was by deposition. To the condensed recital of this evidence the appellee, in his brief, has made certain additions, which will be shown later. We set out herein the salient parts of the evidence of this witness, as shown by the condensed recital thereof in the appellant's brief, as follows: "My name is Ruby Riley Dixon; I reside at 644 North Mayfield Avenue, Chicago, Illinois. I resided with my mother, Sarah J. Riley, now deceased, at 402 Main Street, Rushville, Indiana, in April, 1919. My mother is dead. Chauncey W. Duncan is the administrator of her estate. I was present at the home of my mother when she received a check for $300.00 from John M. Lakin, payable to B. F. Miller." Q. Is that the original check? (Mr. Henley hands document to the witness to examine the same.) A. It is.

The witness reads check: "No. 581, New York City, April 21, 1919. New Netherlands Bank, District 2, 1-224 of New York, through the New York Clearing House Association. Pay to the order of B. F. Miller Three Hundred ($300.00) Dollars, signed John M. Lakin." There appears on the back of this check the

endorsement of B. F. Miller. My mother was indebted to B. F. Miller on April 21, 1919. My mother gave this check to B. F. Miller. At the time my mother received this check for $300.00 from John M. Lakin, she executed and mailed to John M. Lakin a note or paper.

Q. 20. You may examine this paper and state whether or not that is a copy of the note which was mailed to your brother, John M. Lakin, at that time.

Counsel for defendant objected to the question and the answer sought to be elicited thereto for the reason that it called for the opinion of the witness; that it called for the conclusion of the witness, and that in order to establish that it was a copy of the instrument it must be shown first that there was a copy made at the time under the supervision of the decedent, and if it is a copy it must have been made later; then of course, it is not competent to present a copy and ask the witness whether or not it is a copy of the note, and for the further reason that it is an invasion of the province of the jury; objection sustained by the court, with exceptions to plaintiff.

Q. 21. Now, read that copy of the note into the evidence, Mrs. Dixon.

Same objection made by defendant as above in question No. 20; objection sustained by the court, with exceptions to plaintiff.

This note for $300.00, which my mother executed to John M. Lakin, was taken by me to the post office at Rushville, Indiana, and mailed by me to John M. Lakin.

Cross-examination of Ruby Riley Dixon: The copy of the note exhibited to me looks like my mother's handwriting. First time I saw this copy was just now. I have distinct recollection of having mailed the original of this copy on April 21, 1919, at the post office in an envelope addressed to John M. Lakin. I do not recall

his address at that time. I did not seal the letter myself; my mother sealed it; I was present when she sealed it. I do not know what she put in the envelope, but I mailed the envelope." To the condensed recital of the evidence of this witness the appellee, in his brief, added by way of correction the following: "Cross-Question No. 1: I will show you the copy of the note that was offered in evidence; do you know whose handwriting that is in the copy?

"The Witness: It looks like Sarah J. Riley's.

"Cross-Question No. 2: The copy is in the handwriting of Sarah J. Riley?

"A. Yes, sir.

"Cross-Question No. 4: Well, are you able to tell whether it is or not, or is that just your opinion?

"Mr. Henley: The truth about the matter is that it is my handwriting.

"The Witness: That is my opinion of it.

"Mr. Henley: I wrote that myself.

"Mr. Graham: I want that to go into the record; she says she thinks that is in the handwriting of Sarah J. Riley, her mother.

"Cross-Question No. 5: When did you first see this copy of the note, Mrs. Dixon?

"A. When I first saw the copy.

"Cross-Question No. 6: This particular copy I just handed you, when did you first see that copy?

"A. Why, just now."

The evidence now before us, and the legitimate inferences therefrom, disclose that the appellant, in April, 1919, sent his mother, the decedent, his check for $300.00, which she used to pay a debt of that amount which she owed to one B. F. Miller; that at the time the mother received the check she executed and mailed to the appellant a note or paper, which is the basis of the claim sued upon; that the appellant had the origi-

nal note in his attorney's office in Rushville, Indiana, when the claim was filed and showed it to his attorney, who made a copy of it, and give it back to appellant; that it has since become lost from the possession of the appellant, who has diligently searched for it and cannot find it; that the note for $300.00 executed by the decedent to the appellant was taken by the witness, Ruby Riley Dixon, to the post office in Rushville, Indiana, and mailed by her to the appellant. This witness, upon cross-examination, was exhibited a copy of the note that was offered in evidence, and, in response to a question, she then testified that she had a "distinct recollection of having mailed the original of this copy on April 21, 1919, at the post office in an envelope addressed to John M. Lakin" (appellant). It is true that upon cross-examination, as pointed out by the appellee, this witness was somewhat confusing in her statements, but this fact would go to the weight to be given her testimony by the jury. It will thus be seen that upon cross-examination the evidence called for by said question 20 in the deposition, the answer to which was suppressed and excluded by the court at the trial, was in effect supplied. Question No. 21 in the deposition called for a reading by the witness of the copy of the note into the evidence. The same objection was made to this evidence as was made to question No. 20, and the court excluded the evidence.

We believe a sufficient showing had been made as to the execution and delivery of the note in question, and as to its having become lost after the copy of it had been made and filed as an exhibit to the claim, and as to a diligent search having been made for it without avail by the appellant, in whose possession it was when lost, as to entitle the appellant to introduce and read in evidence the said copy, and that it was error under the circumstances to exclude such evidence. We believe the absence of the original note

had been satisfactorily explained and that a proper foundation had been laid for the introduction of the said copy. *Gimbel et al.* v. *Hufford et al.* (1874), 46 Ind. 125; *Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company* v. *Bown, Admx.* (1912), 178 Ind. 11, 98 N. E. 625. The action of the court in sustaining the motion to suppress and reject the evidence given in answer to said question 21 of the deposition was erroneous. See Watson's Revision of Works' Practice and Forms, Vol. 1, Sec. 1213, and cases cited therein.

It is our opinion, under the circumstances of the instant case, that the court erred in overruling the motion for a new trial. The judgment is therefore reversed with instructions to grant a new trial and for further proceedings not inconsistent with this opinion.

Judgment reversed.