[L. A. No. 499. Department One.—June 25, 1898.]

JOSEFA ETCHAS, Appellant, v. LEOPOLDO ORENA, Executor, etc., of Josefa Loureyro, Deceased, Respondent.

PLEADING—ACTION AGAINST EXECUTOR—DENIAL ON INFORMATION OR BELIEF.
In an action against an executor, facts alleged in the complaint to the effect that the plaintiff rendered services to the testatrix, their character and value, the amount paid thereon and the amount still due, and that the testatrix promised the plaintiff to pay for the same by making a provision for her in her will, are not presumably within the knowledge of the defendant, and, under section 437 of the Code of Civil Procedure, he may place his denial thereof upon the ground of a want of information or belief upon the subject.

ID.—FORM OF DENIAL.—In such a case, the answer is sufficient in form, if it refers to the several paragraphs of the complaint containing such allegations by number, and avers that the defendant has no information or belief on the subject mentioned therein sufficient to enable him to answer the allegations therein contained, "and he therefore places his denial of each of said allegations on that ground, and denies each and all of the same and every part thereof."

NEW TRIAL—CONDITIONAL ORDER GRANTING.—The trial court may set aside a verdict, if in its opinion it is not sustained by the evidence, or may direct a new trial unless the plaintiff will remit a portion of the verdict, if in its opinion the verdict is for more than the evidence will justify.

ID.—AFFIRMANCE OF ORDER GRANTING NEW TRIAL—APPEAL FROM JUDGMENT.
An order granting a new trial has the effect to vacate the judgment, and the affirmance of the order on appeal leaves nothing in the court below upon which an appeal from the judgment can operate.

APPEAL from a judgment of the Superior Court of Santa Barbara County and from an order granting a new trial. W. S. Day, Judge.

The facts are stated in the opinion of the court.

G. H. Gould, and C. F. Carrier, for Appellant.

Thomas McNulta, and Grant Jackson, for Respondent.

HARRISON, J.—When this cause was called for trial in the superior court the plaintiff moved for judgment on the pleadings in her favor, and, the court having denied her motion, she excepted to the ruling. The cause was thereupon tried before a jury and a verdict rendered in favor of the plaintiff for the

sum of fifteen hundred dollars. The defendant moved for a new trial, upon the ground, among others, that the evidence was insufficient to justify the verdict, and, after hearing the motion, the court made an order granting a new trial upon that ground, unless the plaintiff should before a certain day remit all of the verdict in excess of seven hundred and thirty-five dollars. She declined to remit this excess, and has appealed from the judgment and also from the order granting a new trial.

1. The appeal from the judgment is based upon the refusal of the court to grant her motion for judgment upon the pleadings, the appellant contending that such motion should have been granted and judgment rendered in her favor for two thousand one hundred and twenty-four dollars, the amount claimed in the complaint. The ground of the motion was that there was no denial in the answer of the allegations of the complaint.

The defendant is the executor of the will of Josefa Loureyro, deceased, and the action is brought against him to recover from the estate of the testatrix certain moneys claimed by the plaintiff to be due to her for services rendered the testatrix, and for which claims had been presented against the estate and been rejected by the defendant. In his answer the defendant "avers that he has no information or belief on the subject mentioned in paragraphs 1, 2, 3, and 4 of said complaint sufficient to enable him to answer the allegations therein contained, and he therefore places his denial of each of said allegations on that ground, and denies each and all of the same and every part thereof." The paragraphs thus referred to are the allegations that the plaintiff rendered services to the testatrix, their character and value, the amount paid thereon, and the amount still due, and that the testatrix promised the plaintiff to pay for the same by making a provision for her in her will. None of these facts were presumably within the knowledge of the defendant, and he was authorized by section 437 of the Code of Civil Procedure, to answer the allegations in the above form. In answering the complaint in this form it was not necessary that he should make a specific denial of each of the allegations. The several allegations were a connected part of the transaction between the plaintiff and the testatrix out of which her cause of action arose, and, as the defendant was equally without information or be-

lief upon either of them, he could properly make the denial in the form adopted by him. The same form of denial was held sufficient in *Read v. Buffum*, 79 Cal. 77; 12 Am. St. Rep. 131.

2. The rule that the trial court may set aside a verdict, if in its opinion it is not sustained by the evidence, or may direct a new trial unless the plaintiff will remit a portion of the verdict, if in its opinion the verdict is for more than the evidence will justify, is so well established that it is not necessary to cite authorities in its support.

As the order granting a new trial had the effect to vacate the judgment, the affirmance of that order leaves nothing in the court below upon which the appeal from the judgment can operate. (*Pierce v. Birkholm*, 110 Cal. 669.)

The order appealed from is affirmed.

Garoutte, J., and Van Fleet, J., concurred.

Hearing in Bank denied.