[Civ. No. 3811.   First Appellate District, Division Two.—July 15, 1921.]

BANK OF SOUTH SAN FRANCISCO (a Corporation), Respondent, v. EDNA LAURA PIKE et al., Defendants and Appellants; HENRY S. BRIDGE et al., Defendants.

[1] PLEADING—MATTERS OF RECORD—FORM OF DENIAL.—While certain facts can be denied upon lack of information or belief, the rule does not extend to authorizing a defendant in that manner to deny matters of record which he is presumed to know, and the contents of public records are, among others, such facts.

[2] ID.—INSUFFICIENT DENIAL — APPEAL—RECORD—PRESUMPTION.—On an appeal from a judgment, where there is no bill of exceptions and it cannot be known from the record whether the plaintiff treated an insufficient denial in the answer as sufficient, it must be assumed in support of the judgment that the plaintiff did not do so.

[3] JUDGMENT—SERVICE OF SUMMONS AFTER RETURN—APPEAL—RECORD—PRESUMPTION.—Where, in an action involving the validity of a judgment in a prior action, it was found that the summons in the first action was returned as filed June 20, 1911, and it was also found that an affidavit showing service of such summons on a defendant on the twentieth day of March, 1912, was filed May 22, 1912, it must be presumed, in the absence of a bill of exceptions, in support of the judgment in the second action, that permission was obtained to withdraw the summons, and that it was so withdrawn and legally served.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George E. Crothers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Joseph E. Bien and Abram M. Marks for Appellants.

John D. Willard and John W. Coleberd for Respondent.

STURTEVANT, J.—This is an appeal by Boaz D. Pike, Georgie S. Pike, and Edna Laura Pike from the judgment rendered in the case of the *Bank of South San Francisco, a Corporation, Plaintiff and Appellant,* v. *Edna Laura Pike, et al., Defendants, Henry S. Bridge and Carrie E. Bridge, Defendants and Respondents, ante,* p. 524, [200 Pac. 752].

By stipulation of the parties the appeal is supported by, and rests on, the same record as in the Bridge case. The defendants Pike appeared and answered the plaintiff's complaint; a trial on the merits was had; and the trial court rendered judgment in favor of the plaintiff and against these defendants and they have appealed from the judgment, and which judgment will hereinafter be termed the second judgment. The plaintiff alleged, and the trial court found, that on the twenty-third day of May, 1912, this plaintiff, the Bank of South San Francisco, obtained judgment against certain defendants, including the defendants B. D. Pike and Georgie S. Pike, for the sum of $5,714.31, and which judgment will hereinafter be termed the first judgment. The appellants make the claim that the first judgment was void because the summons was never served on the defendant Georgie S. Pike. If this claim can be sustained the judgment should be reversed; otherwise it should be affirmed. We think that the claim of the appellants is without merit for several different reasons, which we shall proceed to state.

[1]   (a) The plaintiff alleged: "III.   That said American Steel Casting Company, B. D. Pike, and Georgie S. Pike, and each of them, made default in the payment of said promissory note and that thereafter said plaintiff brought suit upon said promissory note in said superior court, and on the twenty-third day of May, 1912, plaintiff herein obtained judgment against said American Steel Casting Company, B. D. Pike, and Georgie S. Pike for the sum of $5,714.31, which judgment is recorded in judgment-book number 29 of said superior court at page 382." In each of the answers each of these defendants attempted to deny the above allegation by alleging "Defendant has no information or belief sufficient to enable her to answer the allegation contained in paragraphs . . . 3 . . . of the second amended complaint, and basing her denial upon said lack of information or belief, defendant denies each and every, all and singular the allegations in said paragraphs, and each of them contained." There is no question but what certain facts can be denied by this form of a denial. (*Etchas* v. *Orena*, 121 Cal. 270, 271, [53 Pac. 798].) However, that rule does not extend to authorizing or permitting a defendant in that manner to deny matters of record which he

is presumed to know, and the contents of public records are, among others, such facts. (*Mulcahy* v. *Buckley*, 100 Cal. 484, [35 Pac. 144]; *Jensen* v. *Dorr*, 159 Cal. 742, 747, [116 Pac. 553].) **[2]** As there is no bill of exceptions before us and as we do not know from the record that the plaintiff treated the denial as a sufficient denial, we must assume in support of the judgment that the plaintiff did not do so, and that the trial of the action in which the second judgment was rendered was conducted on the theory that there was no denial. In other words, in the form of the record before us we cannot assume that such proceedings were had in the trial court as will authorize the appellants to claim any rights as by estoppel and as portrayed in *Schroeder* v. *Mauzy*, 16 Cal. App. 443, 447, [118 Pac. 459].

**[3]** (b) There is a finding that the summons in the first action was returned as filed June 20, 1911, and there is a finding that an affidavit showing service of summons on Georgie S. Pike on the twentieth day of March, 1912, was filed May 22, 1912. However, there is no finding, and there is no bill of exceptions showing, that after application therefor, duly made, the plaintiff did not obtain permission in the first action to withdraw the summons and there-upon did withdraw the same and make due and legal service thereof on Georgie S. Pike. (*Rue* v. *Quinn*, 137 Cal. 651, 657, [66 Pac. 216, 70 Pac. 732]; *Hibernia Sav. & Loan Soc.* v. *Cochran*, 141 Cal. 653, 658, [75 Pac. 315].) When the record on appeal is in this form we are bound to presume in support of the judgment of the trial court that the summons was so withdrawn and was legally served. The appellants contend that "the summons having been returned was *functus officio*." (*Fanning* v. *Foley*, 99 Cal. 336, 339, [33 Pac. 1098].) It is true that Mr. Commissioner Temple in that case used that language, but he was addressing that language to a summons that was eleven years old and which was returned and filed during the tenth year of its age, seven years after it could be used for any purpose. (Code Civ. Proc., sec. 581, as amended, Stats. 1889, p. 398.) The amendment to that section resulted in the legislative an-nihilation of the life in a summons not returned until ten years after it was issued. That statute was so construed by the same learned jurist after he had become a justice of the

supreme court.   (*Vrooman* v. *Li Po Tai*, 113 Cal. 302, 304, [45 Pac. 470].)

(c) Assuming, as appellants contend, that the judgment in the first action was a judgment entered by the clerk as distinguished from a judgment ordered by the court and that, therefore, the instrument does not have the same verity as the judgment of a court of general jurisdiction, still the appellants have not sustained their appeal. When the plaintiff applied to have the default of the appellants entered the clerk was thereupon called upon to perform a statutory duty in a statutory manner. (*Gliddon* v. *Packard*, 28 Cal. 649.) The appellants have shown that certain papers and files were at that time before the clerk. The appellants have not shown that there was not at that time before the clerk a minute entry which purported to authorize the withdrawal of the summons for the purpose of serving it on certain of the defendants. The trial court in this case has made a finding that the judgment in the first case was regular. Again, in support of the second judgment, we must presume that it was shown to the trial court, rendering the second judgment, that the said minute order had been obtained and was before the clerk when he entered the first judgment.

The record shows no error and the judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 12, 1921, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing in this court after decision by the district court of appeal of the first appellate district, division two, is denied.

We base our denial of the petition solely upon the fact that the trial court expressly found as one of the facts of the case that the judgment in the former action on the note "was duly given and made," and that there is nothing in the judgment-roll in this action, upon which alone this appeal is based, necessarily in conflict with this clear and explicit finding of fact.