[Civ. No. 15423. First Dist., Div. Two. July 10, 1953.]

JUNEAU SPRUCE CORPORATION (a Corporation), Respondent, v. INTERNATIONAL LONGSHOREMEN'S AND WAREHOUSEMEN'S UNION, Appellant.

Gladstein, Andersen & Leonard for Appellant.

Thelen, Marrin, Johnson & Bridges for Respondent.

DOOLING, J.—The defendant union appeals from a summary judgment. The action was on a foreign judgment entered against appellant union in the District Court for the Territory of Alaska. The nature of the proceeding is fully disclosed in the opinions of the United States Circuit Court and the Supreme Court of the United States affirming the Alaska judgment. (*International Longshoremen's, etc. Union* v. *Juneau Spruce Corp.*, 189 F.2d 177; *Interna-*

*tional L. & W. U.* v. *Juneau Corp.,* 342 U.S. 237 [72 S.Ct. 235, 96 L.Ed. 275].)

The action was on a money judgment. ■ We cannot agree that an action on a money judgment is not "an action to recover upon a debt or upon a liquidated demand" within the meaning of Code of Civil Procedure, section 437c, authorizing the entry of summary judgments in actions of that character. A judgment for a specific sum of money has always been treated as a debt by the courts. (*Miller* v. *Murphy,* 186 Cal. 344, 347 [199 P. 525]; *Grotheer* v. *Meyer Rosenberg, Inc.,* 11 Cal.App.2d 268, 272-273 [53 P.2d 996]; *Schwartz* v. *California Claim Service,* 52 Cal.App.2d 47, 54 [125 P.2d 883].) A judgment for alimony that is subject to future modification stands on a different basis, which explains the holding in *Southard* v. *Southard,* 133 Miss. 259 [232 N.Y.S. 391], that an action on a judgment for alimony was not one on "a judgment for a stated sum" within the meaning of the New York summary judgment statute. (See *MacDonald* v. *Butler,* 68 Cal.App.2d 120 [156 P.2d 273].)

■ The jurisdiction of the Alaska court to render its judgment is argued by appellant but it can not be successfully attacked in the face of the affirmance of that judgment by the highest court of the land.

■ The summary judgment was entered on November 20, 1951, and the opinion of the United States Supreme Court affirming the Alaska judgment was filed on January 7, 1952. We see no purpose in discussing the interesting question whether a foreign judgment which is treated as final for the purpose of suit in the jurisdiction where rendered even though an appeal is pending, may be the basis of a judgment in the courts of this state before the final decision on appeal. (See *Taylor* v. *Shew,* 39 Cal. 536 [2 Am.Rep. 478]; *Dowdell* v. *Carpy,* 137 Cal. 333 [70 P. 167].) Even if the court was in error in entering its judgment before the final affirmance of the Alaska judgment the error was without prejudice since the same judgment would necessarily have followed if the court had delayed its action for the few weeks intervening between November 20, 1951, and the January 7th following. (Const. art. VI, § 4½.)

In its closing brief appellant tardily raises a new question. The Alaska judgment was based on the Taft-Hartley Act (29 U.S.C.A. §§ 185b, 187) which imposes a liability only on the labor organization as an entity but not on the individual members thereof.

Section 388, Code of Civil Procedure, which is the authorization for bringing suits against unincorporated associations in California, provides:

"When two or more persons, associated in any business, transact such business under a common name . . . the associates may be sued by such common name . . . and the judgment in the action shall bind the joint property of all the associates, and the individual property of the party or parties served with process, in the same manner as if all had been named defendants and had been sued upon their joint liability."

From the qualifying language limiting the property which shall be bound by (liable to execution upon) such a judgment appellant argues that suit is authorized by the section against an unincorporated association only when an individual liability exists against its members.

 While some jurisdictions hold that a statute permitting suits against unincorporated associations "merely permits an action to be brought against the *associates* in the name of the association . . . (i)n California, the entity theory has been established by a number of decisions." (*Jardine* v. *Superior Court*, 213 Cal. 301, 309 [2 P.2d 756, 79 A.L.R. 291].) Under this theory the association "is, for the purposes of the section, a legal entity, distinct from its members." (*Artana* v. *San Jose Scavenger Co.*, 181 Cal. 627, 630 [185 P. 850].) That an association is a legal entity for the purpose of being sued under section 388 was not questioned in *Juneau etc. Corp.* v. *International Longshoremen & Whse. Union*, 37 Cal. 2d 760 [235 P.2d 607]. The effect of that opinion is that while such an association is a legal entity for the purpose of being sued under section 388 "it does not follow that the association may be regarded as an entity for all other purposes." (37 Cal.2d, p. 763.)

 The Taft-Hartley Act makes the union a legal entity for the purpose of imposing the liability which was the basis of the Alaska judgment. Section 388 makes the union a legal entity for the purpose of being sued in California. The two statutes in this respect are complementary, and section 388 provides a perfect statutory vehicle for the judicial enforcement against the union as a legal entity of a liability which the Taft-Hartley Act imposes upon the union as a legal entity.

 Where, as in this case, a statutory liability is created only against the association and not against its individual members it results that the limitation of individual liability

in the latter clause of section 388 becomes unnecessary; but the limitation of individual liability in that clause of section 388 does not affect the liability of the association to be sued "by such common name" upon any legal liability which may be incurred by the association as an association.

The judgment is affirmed.

Nourse, P. J., and Goodell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 4, 1953. Carter, J., and Traynor, J., were of the opinion that the petition should be granted.