[Civ. No. 20915. First Dist., Div. One. Nov. 22, 1963.]

ROY B. OLIVER et al., Plaintiffs and Appellants, v. THE SWISS CLUB TELL, Defendant and Respondent.

Cushing, Cullinan, Hancock & Rothert, Vincent Cullinan and Douglas M. Phillips for Plaintiffs and Appellants.

J. Thaddeus Cline and John B. Ehlen for Defendant and Respondent.

MOLINARI, J.—This is an appeal by plaintiffs from a summary judgment in favor of defendant "The Swiss Club Tell, an unincorporated association," and from the order dismissing plaintiffs' complaint.[1]

### Question Presented

Was the trial court justified in granting a summary judgment in favor of defendant The Swiss Club Tell, an unincorporated association?

### The Pleadings

In this action to restrain the diversion of the natural flow of waters, the amended complaint, filed on August 20, 1959, alleged substantially as follows:[2] that plaintiffs were husband and wife and the owners in fee of certain property near Mill Valley, County of Marin; that said property adjoins a road known as " 'Edgewood Avenue' "; that

---

[1] An order dismissing a complaint upon the granting of a motion for summary judgment is nonappealable; only the judgment entered pursuant to the order granting the motion is appealable. (*Integral Land Corp.* v. *Anderson*, 62 Cal.App.2d 770, 771 [145 P.2d 364]; *Bank of America* v. *Oil Well Supply Co.*, 12 Cal.App.2d 265, 271 [55 P.2d 885].)

[2] The original complaint was filed on September 17, 1958.

plaintiffs are informed and believe, and therefore allege, that defendant The Swiss Club Tell is an unincorporated association transacting business for the benefit of its members and otherwise in the County of Marin under the name " 'The Swiss Club Tell' " and is and at all times mentioned was the owner in fee and in possession of certain real property near the Town of Mill Valley in the County of Marin adjoining said Edgewood Avenue and above the real property owned by plaintiffs; that defendant The Swiss Club Tell altered the natural flow of water so as to cause water to flow over plaintiffs' land causing damage; that defendant The Swiss Club Tell continues to cause water to so flow and will continue to do so unless enjoined. An answer was filed with the preamble thereof reading as follows: "Now comes Swiss Club Tell, an unincorporated association, *if any such organization exists*, one of the defendants above named, and Fred Schneider, served as a defendant or as an officer of said defendant association, and, answering ... admit, deny and allege as follows: ..." (Italics added.) The said answer contained general denials; and with respect to the allegation of the complaint that Swiss Club Tell was an unincorporated association, answered as follows: "That these defendants do not have sufficient information to answer the allegations contained in paragraphs I to VII, inclusive, ... in said Amended Complaint, and on said ground deny all of said allegations." The verification to said answer was made by J. Thaddeus Cline, who states therein that he is the attorney for the defendants named in the answer; that said defendants reside out of the county wherein the affiant has his office, and that the contents of said answer are true excepting the matters therein stated on information and belief, and that as to those matters he believes it to be true.[3]

## The Proceedings

Upon the aforementioned pleadings, the cause was set for a pretrial conference and a pretrial conference order was made on January 3, 1961. The said pretrial order provides, among other things, that "there remains open for adjudication the

---

[3]Defendant and respondent, The Swiss Club Tell, an unincorporated association, is the only defendant party to this appeal. (The other two defendants are the County of Marin and Fred Schneider, the latter having been dismissed by way of a motion for summary judgment.) Accordingly, all references hereinafter to the "defendant" are intended to refer to said defendant unincorporated association.

nature and capacity of the Defendants Swiss Clubtel [*sic*]."[4] Thereafter, on August 28, 1961, a motion for summary judgment in favor of defendant, or, in the alternative, for dismissal of the action as to said defendant, was filed by the two attorneys of record for said defendant, said motion stating that it was being made by said attorneys as "Amici Curiae. . . ." The motion was made on the ground that plaintiffs sued a nonexisting organization, The Swiss Club Tell, an unincorporated association, having ceased to exist upon its incorporation on May 21, 1934. The motion was supported by two affidavits, one by Attorney J. Thaddeus Cline, and the other by Attorney John B. Ehlen.[5]

 Cline's affidavit states: that he "has learned, and it has been definitely established herein," that there has been no unincorporated association named or known as Swiss Club Tell since May 21, 1934, on which date articles of incorporation were filed with the Secretary of State; that for a number of years prior to the filing of the complaint no property of any kind stood of record in the Recorder's Office of Marin County in the name of Swiss Club Tell, or Swiss Club Tell, an unincorporated association; and that all of the real property to which plaintiffs refer in their complaint stood of record, for several years prior to the filing of the complaint, in the name of Swiss Club Tell, Inc.; that plaintiffs took the deposition of Fred Schneider; that Schneider testified in his said deposition that from 1955 to 1959 the Swiss Club Tell owned some property on Edgewood Avenue and that it was acquired in the name of The Swiss Club Tell as a corporation.

 Ehlen's affidavit states: "That, in truth and in fact," the said unincorporated association did not exist after May 21, 1934; that said association did not own, possess, or control any property of any kind during the year 1958; that the records of the County of Marin "clearly establish and confirm this fact"; that affiant's careful search of such records fully supports the foregoing allegations; and that for several years prior to May 21, 1934, an association known as

---

[4]The pretrial order also recites that "Plaintiff is satisfied that all necessary parties are before the Court and issue has been joined by the parties named above. . . ."

[5]The motion for summary judgment recites that it is based "on the affidavits of J. Thaddeus Cline and John B. Ehlen, hereto attached; on all papers, records, files, pleadings, depositions and minutes of the Court herein; and on the attached memorandum of points and authorities."

The Swiss Club Tell existed, but that it ceased to exist on May 21, 1934, when it organized and incorporated itself as Swiss Club Tell, Inc.

Plaintiffs filed no counteraffidavit. When the motion came on for hearing on September 5, 1961, plaintiffs did not appear, the motion for summary judgment was granted, and a judgment was entered pursuant thereto on September 15, 1961. Thereafter, plaintiffs moved to set aside the judgment entered against them pursuant to Code of Civil Procedure section 473. ▮▮▮▮ The motion was accompanied by the affidavits of counsel for plaintiffs, setting out the reason for his nonappearance on September 5, and that of plaintiff Roy B. Oliver in opposition to the motion for summary judgment and to dismiss. The said affidavit of Roy B. Oliver stated as follows: that in February 1958 he was one of the owners of the property on Edgewood Avenue which is the subject of this action; that near said property was a parcel of real property "which I understood was owned by the defendant Swiss Club Tell"; that sometime before 1958 affiant saw construction work on the Swiss Club Tell property; and that later he observed more water coming on his property than before the said construction work.

▮▮▮▮ Pursuant to stipulation the aforesaid order granting the motion for summary judgment and said judgment were set aside. Thereafter, Attorneys Cline and Ehlen filed notice of withdrawal as attorneys on the ground that they represented no party to the action, but the same was not noticed for hearing. Attached to said notice was the affidavit of one Leo F. Schwab. This affidavit stated as follows: that he was a member of an unincorporated association known as Swiss Club Tell for 41 years; that the said association acquired land on Edgewood Avenue in Mill Valley; that on May 21, 1934, said association was incorporated; "that long prior to the year 1958, all the real property that had previously been owned by said association was conveyed and deeded to Swiss Club Tell, Inc., said California corporation"; that he is of Swiss origin and has resided in the Bay Area since 1914 and has taken part in all events in which the Swiss people are interested; that he is one of the original incorporators of Swiss Club Tell, Inc., and one of the parties who signed its original articles of incorporation; that the excavation work mentioned in the affidavit of plaintiff Roy B. Oliver was begun and completed over 10 years after the said unincorporated association ceased to exist; that the foregoing facts

are within affiant's personal knowledge, and that if sworn as a witness he can testify as to the truthfulness of the facts within his personal knowledge.

On January 9, 1962, the cause came on for trial, at which time the notice of withdrawal was called to the attention of the trial court. The withdrawal of counsel was opposed by plaintiffs and considerable colloquy ensued between court and counsel during which the affidavit of Leo F. Schwab was read to the court. The trial court noted during the discussion that the motion for summary judgment was still pending and that the trial could not proceed until this motion was disposed of. Thereupon the trial court suggested that the motion for summary judgment be then heard, to which counsel for plaintiffs acceded. In view of the notice of withdrawal, the trial court suggested that Mr. Ehlen appear as "a friend of the Court" for the purpose of the hearing on the motion for summary judgment. After a brief recess, the trial court proceeded with the hearing of the motion for summary judgment. Mr. Ehlen indicated in his argument that he was relying upon "the affidavits of J. Thaddeus Cline, Fred Schneider and myself...."[6] Plaintiffs' counsel based his opposition solely upon the ground that the answer on behalf of The Swiss Club Tell admitted that it was an unincorporated association and that therefore this issue was no longer before the court. The trial court concluded that it was warranted, upon the affidavits, in finding that The Swiss Club Tell, an unincorporated association, had not existed since 1934, and that therefore there was no triable issue of fact insofar as said association was concerned. It thereupon granted the motion for summary judgment, and dismissed defendant "The Swiss Club Tell," an unincorporated association, from the action.

## Contentions of the Parties

At the hearing of the motion for summary judgment, as on this appeal, plaintiffs did not argue the sufficiency of the affidavits. It is their contention that the motion for summary judgment should not have been granted because the pleadings admit that defendant The Swiss Club Tell is an unincorporated association and such defendant is a party to this action by its appearance. Moreover, assert plaintiffs, if the defendant named is in fact a corporation, the complaint can

---

[6]The record does not disclose any affidavit made by Fred Schneider. The allusion is apparently to the portion of Fred Schneider's deposition which is incorporated in Cline's affidavit.

be amended to substitute it as a defendant corporation. Defendant contends, on the other hand, that the sole issue is: "Did the trial court err or abuse its discretion in concluding that the association did not exist at any time pertinent to the action and in dismissing the action as to it?"

Before proceeding to the merits of the appeal we would dispose of plaintiffs' contention that the complaint can be amended to substitute the corporation as a defendant in the place and stead of defendant unincorporated association. We need not decide whether such amendment may be made in the instant case because such an amendment is properly addressed to the trial court. Suffice it to say, no such amendment was offered or proposed to the trial court. Moreover, the record discloses that, while the suggestion was made at the hearing by plaintiffs' counsel that Attorneys Cline and Ehlen might consent to such an amendment, the latter declined to so do for lack of authority, whereupon the trial court suggested that a formal motion to amend so as to bring in their corporation as a party might be made. This suggestion was not pursued by plaintiffs' counsel, who then indicated that he believed that the statute of limitations had run against the corporation.[7] Furthermore, it is amply demonstrated by the record, as it is by plaintiffs' briefs on appeal, that plaintiffs intend to, and insist upon, proceeding against an entity they assert to be an unincorporated association.

### The Issue as to the Existence of the Unincorporated Association.

The problem before us is not one of misnomer or of lack of legal capacity due to some legal disability, but whether the defendant sued is an existent person. A civil action can be maintained only against a legal person, i.e., a natural person or an artificial or quasi-artificial person, a nonentity is incapable of suing or being sued. (*Metropolitan St. Ry. Co.* v. *Adams Express Co.,* 145 Mo. App. 371 [130 S.W. 101]; *Mason* v. *Farmers Bank at Petersburg,* 39 Va. (12 Leigh) 84.)

Where a suit is brought against an entity which is legally nonexistent, the proceeding is void *ab initio* and its invalidity can be called to the attention of the court at any stage of the proceeding. (*Lewis* v. *West Side Trust & Savings*

---

[7]The propriety of such an amendment after the statute of limitations has run, and the rule applicable to situations involving misnomer or defect in the description or characterization of a party, is ably and extensively discussed in *Thompson* v. *Palmer Corp.,* 138 Cal.App.2d 387 [291 P.2d 995].

*Bank,* 377 Ill. 384 [36 N.E. 2d 573] ; *Metropolitan St. Ry. Co. v. Adams Express Co., supra; Miller's Estate* v. *St. Joseph County Home,* 119 Ind. App. 437 [87 N.E. 2d 886] ; 67 C.J.S., § 153, p. 1153.) The common-sense rationale of this rule is that courts sit to settle disputes between existing parties and when the defendant is not a legal person no lawful judgment can be rendered against such a nonentity. (See *Metropolitan St. Ry. Co.* v. *Adams Express Co., supra; Miller's Estate* v. *St. Joseph County Home, supra;* and see *Conlin* v. *Blanchard,* 219 Cal. 632, 635 [28 P.2d 12].) █ Accordingly, it is a corollary to this rule that the objection that a plaintiff or defendant is nonexistent is not subject to waiver, as in the case of misnomer or lack of legal capacity, because the defect is jurisdictional. (*Metropolitan St. Ry. Co.* v. *Adams Express Co., supra; Miller's Estate* v. *St. Joseph County Home, supra* ; 67 C.J.S. § 153, p. 1153; and see Code Civ. Proc., § 434.) █ In the instant case, therefore, it may not be urged that defendant unincorporated association is before the court merely because an answer has been filed in the name and on behalf of the "Swiss Club Tell, an unincorporated association. . . ."

Plaintiffs have devoted a considerable portion of their briefs to the assertion that the answer admits that the named defendant is an unincorporated association. The basis of this contention is that the denial in said answer, upon information and belief, of the allegation that defendant is an unincorporated association amounts to an admission of that allegation. This assertion is predicated upon the argument that the existence or nonexistence of defendant as an unincorporated association is a matter of public record and therefore not deniable upon information and belief. Accordingly, say plaintiffs, the allegation in the complaint stands undenied because no issue was tendered as to whether defendant is an unincorporated association. This is an allegation of fact which, say plaintiffs, is admitted in the answer and must be treated as admitted on appeal. (Cf. *Palpar, Inc.* v. *Thayer,* 82 Cal.App.2d 578 [186 P.2d 748].) █ Although section 437 of the Code of Civil Procedure permits a denial in a nonpositive form based upon information and belief, or upon lack of information or belief, such denials are insufficient where the facts are presumptively within the knowledge of the defendant. (*Gribble* v. *Columbus Brewing Co.,* 100 Cal. 67, 75 [34 P. 527] ; *Goldwater* v. *Oltman,* 210 Cal. 408, 424 [292 P. 624, 71 A.L.R. 871] ; *Dietlin* v. *General American*

*Life Ins. Co.,* 4 Cal.2d 336, 349 [49 P.2d 590]; *Atwater* v. *Argonne Van & Storage Co.,* 74 Cal.App.2d 410, 412-413 [168 P.2d 776].) ▓▓▓ This rule is frequently applied to matters of public record. Accordingly, a denial upon information and belief, or for want of information or belief, of an alleged fact which may be ascertained from the inspection of a public record within reach of a defendant is insufficient to raise an issue, and such a denial constitutes an admission of the allegation of the complaint. *(Levelon Builders, Inc.* v. *Lynn,* 194 Cal.App.2d 657, 662 [15 Cal.Rptr. 582]; *Bank of South San Francisco* v. *Pike,* 53 Cal.App. 530, 531-532 [200 P. 754]; *Art Metal Constr. Co.* v. *A. F. Anderson Co.,* 182 Cal. 29, 33 [186 P. 776].)

Plaintiffs argue that defendant could have determined its existence or nonexistence as an unincorporated association by a perusal of the articles of incorporation of the Swiss Club Tell, Inc. If, as we have pointed out above, the unincorporated association was nonexistent, a purported answer on its behalf would be a nullity and the manner and extent of the denials therein would be of no moment. It is obvious that such a nonentity would be incapable of entertaining the claimed presumptive knowledge. We must, however, consider the arguments advanced by plaintiffs because the pleadings do not show on their face that defendant is nonexistent. Accordingly, our immediate inquiry is directed to whether the issue of the existence or nonexistence of the unincorporated association was properly tendered to the trial court for adjudication. ▓▓▓ Turning, then, to the question of presumptive knowledge, we fail to see how a perusal of the records showing the existence of a corporation known as the Swiss Club Tell, Inc., would establish the existence or nonexistence of The Swiss Club Tell, an unincorporated association, unless such records affirmatively show that such unincorporated association was merged in the corporation. ▓▓▓ Moreover, even though it could be said that an investigation of the public records showing the filing of the articles of incorporation of said corporation would lead one to facts which would establish the existence or nonexistence of the unincorporated association, *facts* so ascertained may be denied on information and belief or for lack of information or belief. While a defendant may not make a nonpositive denial of matters of public record, such denials are sufficient as to the facts relating or pertaining to recorded documents. *(Crosby* v. *Fresno Fruit Growers' Co.,* 30 Cal.App. 308, 313-

314 [158 P. 1070]; *Burrow* v. *Carley*, 210 Cal. 95, 102 [290 P. 577].) Thus, in *Crosby* it was held that where a complaint contained allegations regarding execution of a note and mortgage and the existence of the debt, these matters could be denied on information and belief since the defendant was not a party to the mortgage, and despite the fact that the mortgage had been recorded. The reviewing court there stated that while recordation was constructive notice of the contents of the document recorded, it was not conclusive on the matter of the execution of the note and mortgage, but was merely evidence of a purported execution and purported debt.

A more persuasive argument, lightly touched upon by plaintiffs, is that, irrespective of any public record, a defendant ought to know whether or not it is an unincorporated association. ■ The rule precluding the use of nonpositive denials, where matters are presumptively within the defendant's knowledge, has been applied to corporations as well as to natural persons. (*Sloane* v. *Southern Cal. Ry. Co.*, 111 Cal. 668, 685-686 [44 P. 320, 32 L.R.A. 193]; *Loveland* v. *Garner*, 74 Cal. 298 [15 P. 844].) We see no reason why the rule is not applicable to unincorporated associations. ■ In California, an unincorporated association is accorded entity status, *as a defendant only,* by virtue of Code of Civil Procedure section 388. Accordingly, it is a legal entity distinct from its members for the purpose of being sued and it may answer as such an entity. (*Juneau Spruce Corp.* v. *I. L. & W. Union*, 119 Cal.App.2d 144, 147 [259 P.2d 23]; *Herald* v. *Glendale Lodge No. 1289,* 46 Cal.App. 325 [189 P. 329]; *Jardine* v. *Superior Court*, 213 Cal. 301 [2 P.2d 756, 79 A.L.R. 291]; see 1 Chadbourn, Grossman & Van Alstyne, Cal. Pleading, §§ 521-524, pp. 488-491; and 2 Chadbourn, Grossman & Van Alstyne, Cal. Pleading, § 1528, p. 579.) ■ It is evident that an unincorporated association has possession of its own records, an examination of which will disclose its status, and thus enable it to answer definitely an allegation that it is such an association. (See *Turner* v. *Redwood Mutual Life Assn.*, 13 Cal.App.2d 573, 581 [57 P.2d 222].) Accordingly, in the instant case, the denial, purportedly based upon lack of information or belief, was to matters which would be within the actual knowledge of a defendant, and, as such, raises no issue and is in effect an admission of the truth of the allegation in the complaint "that defendant the Swiss Club Tell is an unincorporated association transacting business for the benefit of its members. . . ."

The said purported denial is defective for still another reason. The language of the denial is that ''defendants do not have sufficient information to answer....'' Such a denial is insufficient and does not comply with section 437 of the Code of Civil Procedure, which provides in part: ''If the defendant has no information or belief upon the subject sufficient to enable him to answer an allegation of the complaint, he may so state in his answer, and place his denial on that ground.'' (*Cockerell* v. *Title Ins. & Trust Co.*, 42 Cal.2d 284, 287-288 [267 P.2d 16]; *May* v. *Board of Directors*, 34 Cal.2d 125, 127 [208 P.2d 661]; *Aronson & Co.* v. *Pearson*, 199 Cal. 295, 298 [249 P. 191].)

Under the state of the pleadings as they stood in the present case the existence of the ''Swiss Club Tell, an unincorporated association,'' was purportedly admitted. It appears from the pretrial conference order, however, that the issue remained in the case for adjudication. Plaintiffs not only contended at the pretrial conference that ''the Swiss Clubtel [*sic*] *is* an unincorporated association and has been regularly served'' (italics added), but the pretrial conference order specifically provides that ''issue has been joined by the parties named above but there remains open for adjudication the nature and capacity of the Defendants Swiss Clubtel [*sic*].'' Implicit in this issue is the question of the existence or nonexistence of defendant as an unincorporated association. The pretrial conference order controls the subsequent course of the litigation and supersedes the pleadings where inconsistent with them unless modified at or before trial. (*Fitzsimmons* v. *Jones*, 179 Cal.App.2d 5, 9-10 [3 Cal.Rptr. 373]; *Baird* v. *Hodson*, 161 Cal.App.2d 687, 690 [327 P.2d 215]; *Aero Bolt & Screw Co.* v. *Iaia*, 180 Cal.App. 2d 728, 743 [5 Cal.Rptr. 53]; Cal. Rules of Court, rule 216.*)

Upon this posture of the case, therefore, the existence of defendant as an unincorporated association was a fact which plaintiffs were required to prove as part of their cause of action and consequently was issuable.

## The Motion for Summary Judgment

The existence of defendant as an unincorporated association was presented to the trial court for determination by the media of the summary judgment procedure, the object of which was to test whether the issue as to such existence was

---

*Formerly Rules for the Superior Courts, rule 8.8.

actually a triable issue, i.e., whether such issue was real or merely the product of adept pleading.[8]

In *Saporta* v. *Barbagelata,* 220 Cal.App.2d 463 [33 Cal. Rptr. 661], we recently had occasion to reiterate certain well-established principles applicable to summary judgments, as follows: ''The purpose of the summary judgment procedure is to discover, through the media of affidavits, whether the parties possess evidence which demands the analysis of trial. (*Burke* v. *Hibernia Bank,* 186 Cal.App.2d 739, 744 [9 Cal. Rptr. 890]; *Kramer* v. *Barnes,* 212 Cal.App.2d 440, 445 [27 Cal.Rptr. 895]; Code Civ. Proc., § 437c.) The object of the proceeding is to discover proof. (2 Witkin, Cal. Procedure, pp. 1711-1715.) The affidavits of the moving party are strictly construed and those of his opponent liberally construed. (*Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal.2d 553, 556 [122 P.2d 264]; *Snider* v. *Snider,* 200 Cal.App.2d 741, 748 [19 Cal.Rptr. 709].) A summary judgment will stand if the supporting affidavits state facts sufficient to sustain a judgment and the counteraffidavits do not proffer competent and sufficient evidence to present a triable issue of fact. (*Burke* v. *Hibernia Bank, supra,* at pp. 743-744; *Snider* v. *Snider, supra,* at p. 748.) In making this determination the respective affidavits are tested by certain applicable rules. The affidavit of the moving party must satisfy three requirements: (1) It must contain facts sufficient to entitle the moving party to a judgment, i.e., facts establishing every element necessary to sustain a judgment in his favor; (2) such facts must be set forth with particularity, i.e., all requisite evidentiary facts must be stated, and not the ultimate facts or conclusions of law; and (3) the affiant must show that if sworn as a witness he can testify competently to the evidentiary facts contained in the affidavit. (*Snider* v. *Snider, supra,* at p. 748; *House* v. *Lala,* 180 Cal.App.2d 412, 416 [4 Cal.Rptr. 366]; *Kramer* v. *Barnes, supra,* p. 446.) These requirements are applicable even though no counteraffidavit is filed, and also where the counteraffidavit is insufficient. (*Kramer* v. *Barnes, supra,* p. 446; *Goldstein* v. *Hoffman,* 213 Cal.App.2d 803, 810 [29 Cal.Rptr. 334].) The counteraffidavit in opposition to the motion for summary judgment, on the other hand, must meet the following requirements:

---

[8]The question of defendant's existence was also called to the attention of the trial court by the notice of withdrawal which was not formally ruled upon but was deferred pending the determination of the motion for summary judgment.

(1) It must set forth facts with particularity; and (2) it must set forth facts within the personal knowledge of the affiant, to which, as the affidavit shall show affirmatively, the affiant can testify competently if called as a witness. (*Snider* v. *Snider, supra,* at p. 750; Code Civ. Proc., § 437c.) In the light of the rule of liberal construction applicable to affidavits in opposition to the motion for summary judgment, our Supreme Court has held that the facts alleged in the affidavits of the party against whom the motion is made must be accepted as true, and with regard to the requirement that the facts must be set forth 'with particularity,' has stated 'that such affidavits to be sufficient need not necessarily be composed wholly of strictly evidentiary facts.' (*Eagle Oil & Ref. Co.* v. *Prentice, supra,* at p. 556; see *Buffalo Arms, Inc.* v. *Remler Co.,* 179 Cal.App.2d 700, 703 [4 Cal.Rptr. 103]; and see *McComsey* v. *Leaf,* 36 Cal.App.2d 132 [97 P.2d 242].) Accordingly, it has also been held that counteraffidavits may state ultimate facts and conclusions of law and need not be composed wholly of evidentiary facts. (*McComsey* v. *Leaf, supra; County of Los Angeles* v. *Stone,* 198 Cal.App.2d 640, 646 [18 Cal.Rptr. 72]; *Whaley* v. *Fowler,* 152 Cal.App.2d 379, 383 [313 P.2d 97].) It should be noted, however, that the rule of liberal construction does not go so far as to permit of a counteraffidavit which merely repeats the allegations of the pleadings or which contains no evidentiary facts at all. (See *Snider* v. *Snider, supra,* at p. 753; and see 2 Witkin, Cal. Procedure, § 78, p. 1715.)'' (Pp. 468-469.)

 Tested in the light of these principles we find that the affidavits of Cline and Ehlen are insufficient because they do not satisfy the requirement that the facts entitling the moving party to a judgment must be stated with particularity. Neither of these affidavits show or state that if the affiants were sworn as witnesses they could competently testify as to any of the purported facts stated in their respective affidavits. Cline's affidavit states that he ''has learned, and it has been definitely established herein, that there has been no unincorporated association named or known as Swiss Club Tell since May 21, 1934, on which said date articles of incorporation were filed with the Secretary of State of the State of California.'' Such a statement is both conclusionary and based on hearsay, and, therefore, is of no value in determining whether there is an issuable question of fact. (See *Bennett* v. *Hibernia Bank,* 186 Cal.App.2d 748, 754 [9 Cal.Rptr. 896]; *Whaley* v. *Fowler, supra,* 152 Cal.App.2d 379, 382-

383.) The balance of his affidavit, aside from its recitals as to the circumstances surrounding his "conditional appearance" as counsel in the case, and the filing of a "conditional answer" for defendant, is devoted to statements that no real property stood of record in defendant's name "for a number of years prior to the filing of the complaint herein," and that the real property referred to in said complaint stood of record in the name of Swiss Club Tell, Inc. for "several years prior to the filing of the original complaint...." These statements are likewise based on hearsay; moreover, they do not assert any facts having to do with the existence or nonexistence of defendant. Ehlen's affidavit states "That, in truth and in fact, said alleged unincorporated association did not exist at any time during the year 1958, and never did exist after May 21, 1934.... [T]hat said association or organization ceased entirely to exist on May 21, 1934, at which time and on which date it organized and incorporated itself as Swiss Club Tell, Inc. and filed its Articles of Incorporation as such organization with the Secretary of State of the State of California." These statements are, at best, averments of ultimate facts. They are not statements of evidentiary facts showing how or in what manner the ultimate facts are established.

The basis of the contention, made on behalf of defendant, that there is no triable issue as to defendant's existence, is that defendant ceased to exist by reason of its becoming incorporated on May 21, 1934. ▮ Although it is the rule that when an unincorporated association is incorporated the effect thereof is that the creation of the corporation *ipso facto* dissolves the association and transfers its property and rights to the corporation (see *Security-First Nat. Bank* v. *Cooper,* 62 Cal.App.2d 653, 669-670 [145 P.2d 722]; 7 C.J.S. § 9a. (6), p. 29), it was, nevertheless, incumbent upon the movant to set forth, with particularity, in the affidavits in support of the motion the facts establishing every element necessary to sustain a finding that such dissolution took place in the instant case. ▮ It is the general rule that all of the members of an association must consent to the incorporation before the incorporation can operate as a dissolution of the association. (*Security-First Nat. Bank* v. *Cooper, supra,* at p. 669; 7 C.J.S., § 9a (6), p. 29.) The qualification requiring unanimous consent is applicable, however, only where there is no provision for incorporation in statute or in the governing regulations of the association. (*Security-First Nat. Bank* v. *Cooper, supra,* at p. 669.) Where there is such statutory pro-

vision the rule is that, where a law authorizing the organization of voluntary associations into corporations is in existence when a voluntary association is formed, it must be deemed to be incorporated into the association agreement by necessary implication, and every member must be conclusively presumed to have impliedly agreed, in joining the association, that it might at any future time be converted into a corporation in accordance with the statutes regulating the matter. (*Security-First Nat. Bank* v. *Cooper, supra,* at p. 669.) In California we have had provision in the corporation laws for the incorporation of associations ever since the enactment of the codes in 1872 (*Security-First Nat. Bank* v. *Cooper, supra,* at p.669), and it appears that such provisions existed even under the statutes prior to that time. (See Corp. Code, § 9304, Legislative History.) In the instant case, the date of formation of the unincorporated association does not appear in the record. It is reasonable to assume, however, that such statutory provisions were in existence at the date of the organization of defendant. In 1934, Civil Code section 596 (now Corp. Code, § 9304) provided for the manner in which articles of incorporation by an unincorporated association were to be executed and subscribed, and also provided that there be attached thereto an affidavit by the officers of the association that such association duly authorized its incorporation and that the articles have been executed by the officers by authority of such association. ▆▆ In the present case it was necessary for defendant to show that the incorporation asserted by it was sanctioned by both the laws of this state and the organizational regulations, if any. Neither the articles of incorporation, nor any other documentary evidence tending to establish the dissolution of the unincorporated association, was presented to the trial court. Resort was had, instead, to an attempt to establish such fact by an affidavit based on hearsay and upon conclusions with respect to Cline's affidavit; and upon statements of ultimate fact by Ehlen as to the purport and effect of the records examined by him.

The summary judgment cannot stand, therefore, upon the insufficient affidavits of Cline and Ehlen upon which it is predicated. ▆▆ Accordingly, we need not consider the counteraffidavit of plaintiff Roy B. Oliver, because there first must be a sufficiently supportive affidavit before the defects of any counteraffidavit, either of form or substance, need be examined. (*Southern Pac. Co.* v. *Fish,* 166 Cal.App.2d 353,

366 [333 P.2d 133].) ▮ Suffice it to say, however, this brief counteraffidavit is likewise insufficient because it does not state any facts at all, relevant to the instant inquiry, within the personal knowledge of affiant to which he can testify competently as a witness.

▮ As concerns the affidavit of Leo F. Schwab, the record does not disclose that this affidavit was tendered to or considered by the trial court in connection with the motion for summary judgment. Nor is there any claim made by defendant in its brief that it was. In view of the rule of strict construction against the moving party in the summary judgment procedure, it was incumbent upon defendant to show and indicate affirmatively that this affidavit was considered by the trial court in connection with said motion. The subject affidavit was filed in support of the motion to withdraw, and while the trial court may have been aware of its contents when it was considering the motion for summary judgment, the court was not entitled to consider it, without plaintiffs' consent, because it was not designated in the motion of defendant as a paper upon which it relied in support thereof, nor did such affidavit accompany the notice of such motion.[9] (*Alvak Enterprises* v. *Phillips*, 167 Cal.App.2d 69, 74 [334 P.2d 148, 338 P.2d 582]; *Forrest* v. *Knox*, 21 Cal.App. 363, 364 [131 P. 894].) ▮ Moreover, while this affidavit is more substantial than the others, and while it does contain some evidentiary facts, it likewise fails to meet the requirement mentioned above that there must be facts showing that the incorporation in question resulted in the dissolution of defendant unincorporated association.

In view of the conclusions herein reached by us that the motion for summary judgment should not have been granted, the judgment based thereon must be reversed. Defendant will therefore be restored as a party defendant in the action against whom the issues tendered by the pleadings will have to be tried, including the issue as to whether defendant exists as an entity.

The judgment is reversed, and the purported appeal from the order dismissing the complaint is dismissed. Plaintiffs-appellants to recover costs on appeal.

Bray, P. J., and Sullivan, J., concurred.

A petition for a rehearing was denied December 16, 1963.

---

[9]Said affidavit was filed on December 14, 1961, with the notice of withdrawal, while the affidavits in support of the motion for summary judgment were filed on August 28, 1961.