Filed 6/1/21  Dennis Mitchell Oil v. Buehler Family Bakersfield CA5
Opinion regarding new motions

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DENNIS MITCHELL OIL,<br><br>     Plaintiff, Cross-defendant<br>     and Appellant,<br><br>          v.<br><br>BUEHLER FAMILY BAKERSFIELD,<br>LLC et al.,<br><br>     Defendants, Cross-complainants<br>     and Respondents;<br><br>DONNE RECOVERY, LLC,<br><br>     Respondent. | F074897<br><br>(Super. Ct. No. S1500CV278034)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Lorna H. Brumfield, Judge.

Darling & Wilson, Joshua G. Wilson and David A. Cole for Plaintiff, Cross-defendant and Appellant.

Ehrlich Pledger Law and Jean M. Pledger for Defendants, Cross-complainants and Respondents.

---

[*]      Before Hill, P.J., Levy, J. and Snauffer, J.

Chora Young, Paul P. Young, Joseph Chora and Armen Manasserian for Respondent.

-ooOoo-

This case returns before this court on two pending motions filed by respondent Donne Recovery, LLC (Donne). The first seeks to dismiss the sole remaining appellant, Dennis Mitchell Oil, based on lack of jurisdiction. The second seeks to impose sanctions on appellant's counsel for refusing to dismiss on the same grounds.

We note that this court previously dismissed appellants Dennis and Antoinette Mitchell (the Mitchells) from this appeal because they failed to come into compliance with the settlement agreement they signed in a related matter. In doing so, they confirmed their extensively documented attempts to avoid judgment in this case warranted application of the disentitlement doctrine to bar their appeal. This court's December 12, 2018 order details the various actions between the parties and the Mitchells' subsequent actions to thwart not only the initial claims, but also Donne's efforts to collect the judgment ultimately entered against them. The factual and legal discussion from this court's prior order is incorporated herein. We further note that the third-named appellant, Mitchell Oil, was dismissed from this appeal when it failed to file an opening brief, leaving only an entity identified as Dennis Mitchell Oil. Appellant's counsel represented all previously dismissed appellants.

For the reasons set forth below, we agree with Donne that this court lacks jurisdiction to hear the appeal by Dennis Mitchell Oil. We conclude, however, that the issues raised by Dennis Mitchell Oil are sufficiently grounded to justify its failure to immediately dismiss. Accordingly, this court will not consider sanctions for appellant's counsel's failure to dismiss when notified of the lack of jurisdiction.

2.

## FACTUAL AND PROCEDURAL BACKGROUND

As detailed previously, the Mitchells filed the initial complaint in this action seeking to quiet title to mineral rights they had been extracting for several years. This filing triggered a cross-complaint from respondents Buehler Family Bakersfield, LLC and Florene Dix Blackwelder, the two largest landowners affected (the owners). During discovery, the owners' counsel identified documents showing the name "Dennis Mitchell Oil" as a potential entity. The owners' counsel sought discovery on any aliases used by the Mitchells and was told there were none.

Despite this, the owners' counsel added "Dennis Mitchell Oil, a business entity form unknown" to their cross-complaint. Dennis Mitchell Oil responded by filing a verified answer in combination with other defendants. Later discovery, however, raised issues with respect to Dennis Mitchell Oil's status. In an interrogatory response, Dennis Mitchell answered, "None," when asked to identify "every name you have used in the past." And in deposition testimony, Dennis Mitchell disavowed the existence of Dennis Mitchell Oil. Later, at trial, Dennis Mitchell provided additional testimony suggesting there was no entity named Dennis Mitchell Oil. With respect to a similar entity name, Dennis Mitchell explained:

"Q. So you did not register Mitchell Oil, correct?

"A. No.

"Q. And why did you not register this fictitious business name?

"A. Well, I've been operating for over 30 years. Nobody has bothered me. I didn't even know I was supposed to. I don't think that you have to. I don't think that is a fictitious name. My name is not a fictitious name.

"Q. Do you own Mitchell Oil?

"A. Yes, I do.

3.

"Q. Do you operate Mitchell Oil?

"A. Yes, I do.

"Q. Why aren't you using your own name rather than Mitchell Oil?

"A. Well, I don't know that I did that. When I sign documents or talk about it, I use my name. I go to the bank, open a bank account, they say, you know, Dennis Mitchell or Dennis Mitchell Oil. It's their prerogative. I just give them my name and my I.D."

Later, when asked about Dennis Mitchell Oil specifically, Dennis Mitchell provided a similar explanation for its existence:

"Q. Did you receive money into an account at Wells Fargo called Dennis Mitchell Oil?

"A. Yes. That was Wells Fargo. When I went in there to tell them what I was doing, he said well, you have to call it Dennis Mitchell Oil. I said that's fine with me.

"Q. Did you register Dennis Mitchell Oil as a fictitious business name?

"MR. COLE: Asked and answered.

"THE COURT: Sustained."

Despite this testimony, Dennis Mitchell Oil remained a cross-defendant in the matter and ultimately had a judgment entered against it following a jury trial. As previously noted, bankruptcy proceedings followed the judgment, which identified many of the extensive tactics the Mitchells had utilized to hide assets prior to judgment.

During those proceedings, Dennis Mitchell was again deposed and asked about Dennis Mitchell Oil. There he again denied it was a legal entity:

"MR. CHORA: Mr. Mitchell, I wanted to ask you about Dennis Mitchell Oil.

4.

"MR. MITCHELL: It's a non-entity, never was an entity.

"MR. CHORA: Let's just talk about Dennis Mitchell Oil. You're saying that is a non-entity and was never an entity?

"MR. MITCHELL: Well, here's where that came from. I went to the bank, and I said, I need to open up a bank account because I sell crude oil. They said, you can use your name and call it Dennis Mitchell Oil.

"MR. CHORA: Uh-huh.

"MR. MITCHELL: That comes from Wells Fargo. I mean, that's where that— and I operated I don't know how many years like that.

"MR. CHORA: Okay. So there's no real entity, Dennis Mitchell Oil?

"MR. MITCHELL: No, there's no entity there."

Despite these repeated statements, after this court dismissed the Mitchells' appeal, Dennis Mitchell Oil filed an opening brief under its own name. According to Donne, this filing caused it to conduct an extensive search in California, Nevada, and nationwide, to determine if Dennis Mitchell Oil was an existing entity. Donne asserts in affidavits that all these investigations showed Dennis Mitchell Oil is not an existing entity.

Donne then reached out to appellant's counsel, informed them that Dennis Mitchell Oil was not an existing entity and thus could not pursue an appeal, and requested they provide proof Dennis Mitchell Oil is an entity or Donne would move to dismiss the remaining appeal. Appellant's counsel provided no proof of entity, but rather argued that because Dennis Mitchell Oil had been a part of the case and had a judgment entered against it, with Donne never moving to dismiss, Donne had "waived and/or are estopped from any such claim."

Donne then filed the present motion to dismiss. In addition, Donne filed a motion for sanctions against appellant's counsel pursuant to California Rules of Court, rule 8.276. Dennis Mitchell Oil filed an opposition to the motion to dismiss, to which Donne filed a reply.[1]

**DISCUSSION**

Dennis Mitchell Oil's opposition to the motion to dismiss generally mirrors its assertions in the meet and confer letters that Donne's arguments are waived or subject to estoppel principles. Relying on the trial history, where it alleges the owners' counsel repeatedly argued that Dennis Mitchell Oil was a separate legal entity and, ultimately, obtained a jury verdict against "Dennis Mitchell Oil, an unknown legal entity," Dennis Mitchell Oil raises claims of equitable estoppel, judicial estoppel, and invited error in opposition to Donne's motion. Dennis Mitchell Oil also argues the judgment is presumed correct and, therefore, cannot be challenged. Finally, Dennis Mitchell Oil raises a practical concern, that merely dismissing this appeal will leave a valid judgment against Dennis Mitchell Oil, despite Donne's claims the entity does not exist. We do not agree.

*Jurisdiction Cannot Be Created By Estoppel*

In its opposition, Dennis Mitchell Oil cites to *Oliver v. Swiss Club Tell* (1963) 222 Cal.App.2d 528, 537–538 (*Oliver*) and concedes that "a judgment against a non-existent entity is a nullity." It argues, however, that once the owners' counsel argued for damages, the jury reached a verdict, and the court entered judgment against it, its existence was conclusively established. We see no basis for such a conclusion.

"In order for a civil action to be prosecuted, there must be some existing entity aimed at by the processes of the law, and against whom the court's judgment will operate." (*Tanner v. Estate of Best* (1940) 40 Cal.App.2d 442, 445.) Thus, as noted in

---

[1]     With no objections filed, the court grants the requests for judicial notice filed with Donne's March 27, 2020 motions and with Dennis Mitchell Oil's May 14, 2020 opposition.

*Oliver*, "Where a suit is brought against an entity which is legally nonexistent, the proceeding is void *ab initio* and its invalidity can be called to the attention of the court at any stage of the proceeding. [Citations.] The common-sense rationale of this rule is that courts sit to settle disputes between existing parties and when the defendant is not a legal person no lawful judgment can be rendered against such a nonentity. [Citations.] Accordingly, it is a corollary to this rule that the objection that a plaintiff or defendant is nonexistent is not subject to waiver, as in the case of misnomer or lack of legal capacity, because the defect is jurisdictional." (*Oliver*, *supra*, 222 Cal.App.2d at pp. 537–538.)

Although Dennis Mitchell Oil acknowledges these principles, it still seeks to rely on estoppel and waiver principles to argue the judgment against it is valid in this case. Specifically, Dennis Mitchell Oil argues that the owners sought and obtained a special verdict against Dennis Mitchell Oil directly and that because they "sued Dennis Mitchell Oil as a separate party," "[t]hey cannot deny its existence."

The cases cited by Dennis Mitchell Oil do not, however, support a claim that jurisdiction over a nonentity can be created by estoppel or waiver. Rather, the cases arose in the context of piercing the corporate veil, where jurisdiction over the corporation exists but the plaintiff seeks to set aside the corporate veil and attach liability to individuals based on an assertion of corporate error or alter ego. Thus, in *Wynn v. Treasure Co.* (1956) 146 Cal.App.2d 69, where the record showed that Treasure was a valid corporation, the plaintiff, who had been an officer of the company and generally treated it as a separate legal entity, was precluded from belatedly arguing it was really the alter ego of another individual. (*Id*. at pp. 75–77.) Similarly, in *Communist Party v. 522 Valencia, Inc.* (1995) 35 Cal.App.4th 980, the original suit was brought against two validly created public benefit corporations. The plaintiff's attempt to pierce the corporate veil to assert control over the corporations' assets was rejected because it had regularly interacted with the entities and treated them as entities legally separate from itself. (*Id*. at pp. 993–994.) Neither case supports Dennis Mitchell Oil's claim that a court has

7.

authority to act on a lawsuit filed against a nonexistent entity, regardless of who bears responsibility for the action continuing.

Similarly, Dennis Mitchell Oil has not identified a case from any of the other estoppel doctrines identified in its opposition that permits the use of estoppel to create jurisdiction. Even if such a result were possible, we would not apply such an estoppel here.

"[J]udicial estoppel *is an equitable doctrine*, and its application, even where all necessary elements are present, is discretionary." (*MW Erectors, Inc. v. Niederhauser Ornamental & Metal Works Co., Inc.* (2005) 36 Cal.4th 412, 422.) " 'The doctrine [most appropriately] applies when: "(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake." ' " (*Ibid*.)

"The 'doctrine of invited error' is an 'application of the estoppel principle': 'Where a party by his conduct induces the commission of error, he is estopped from asserting it as a ground for reversal' on appeal. [Citation.] … At bottom, the doctrine rests on the purpose of the principle, which is to prevent a party from misleading the trial court and then profiting therefrom in the appellate court. [Citations.] In light of this principle, … the doctrine has not been extended to situations wherein a party may be deemed to have induced the commission of error, but did not in fact mislead the trial court in any way—as where a party ' " 'endeavor[s] to make the best of a bad situation for which [it] was not responsible.' " ' " (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 403.)

This case is not one that calls out for an estoppel to affirm a jurisdictionally void verdict. It is unclear from the record that the owners' invited this error or took their position based on something other than ignorance or mistake. Given that the corporate

8.

structure of Dennis Mitchell Oil was something known principally by Dennis Mitchell Oil or the Mitchells and that there was conflicting evidence in the record regarding whether the entity existed or not, it appears the verdict resulted from a reasonable attempt to hold all potential defendants liable for the conversion of resources that occurred.

Despite Dennis Mitchell Oil's claim that dismissing this appeal would leave a verdict in place against the entity without a review of the merits, we see no substantial benefit to Donne with respect to its positions against Dennis Mitchell Oil should we dismiss this appeal. Donne has requested dismissal on the ground Dennis Mitchell Oil is not an existing entity and, thus, this court and the trial court lacked jurisdiction over the appeal. In this way, dismissal here requires vacating the underlying trial court judgment for lack of jurisdiction, not merely ceasing the appellate proceedings. (See *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 200 [" 'When, as here, there is an appeal from a void judgment, the reviewing court's jurisdiction is limited to reversing the trial court's void acts' "].) Thus, Donne suffers a loss of a potential payee on its judgment. While it is true, as Dennis Mitchell Oil notes, that Donne also obtains a potential benefit in being able to pursue its claims against the Mitchells without waiting for resolution of this appeal, we note that the Mitchells' appeal was dismissed under the disentitlement doctrine based on their repeated attempts to avoid judgment and hide assets. Adopting a legally correct result that also ceases additional potential avenues of delay for the Mitchells is not an equitable concern warranting estoppel.

Finally, we consider Donne's request that this court pursue sanctions pursuant to California Rules of Court, rule 8.276. We decline to order a response to Donne's request and will not impose sanctions. Although Dennis Mitchell Oil's arguments are all flawed, they are not so frivolous as to warrant sanctions against appellant's counsel. Appellant's counsel is correct that Dennis Mitchell Oil was named as a defendant and that discovery indicating the entity Dennis Mitchell Oil did not exist was uncovered pretrial. Although jurisdictional issues can be raised on appeal and the case law is strongly against Dennis

9.

Mitchell Oil, appellant's counsel's attempts to apply estoppel principles to preclude a prevailing plaintiff from dismissing their own award on such grounds appears not to be purely frivolous, but rather an attempt to argue existing principles in light of unique facts.

Based on the above analysis, we grant Donne's motion to dismiss. The trial court, and subsequently this court, lacked jurisdiction to hear the claims against Dennis Mitchell Oil because Dennis Mitchell Oil is not a legal entity that can sue or be sued. We thus remand the matter to the trial court to vacate the void judgment against Dennis Mitchell Oil. We further reject Donne's call for sanctions and deny that motion.

## DISPOSITION

IT IS HEREBY ORDERED that Donne's March 27, 2020 motion to dismiss for lack of jurisdiction is GRANTED with respect to Dennis Mitchell Oil. The matter is remanded to the trial court to vacate the void judgment entered against Dennis Mitchell Oil. IT IS FURTHER ORDERED that Donne's March 27, 2020 motion for sanctions is DENIED.